**Emil Louis ITES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00379–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 21, 1996.

Rehearing Overruled May 24, 1996.

Kim Richardson, Freeport, for Appellant.

Jerome Aldrich, Brazoria, David Bosserman, Angleton, for Appellee.

Before HUTSON–DUNN, ANDELL, and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Emil Louis Ites, was convicted by a jury of aggravated sexual assault of his daughter. The jury assessed punishment of life imprisonment after finding an enhancement paragraph in the indictment to be true. The appellant raises four points of error and contends his conviction should be reversed and remanded. One of the appellant's points of error relates to an out-of-court incident that impermissibly influenced the jury. Based on our disposition of this point of error, we reverse and remand.

### Contact with Jurors

■ In point of error two, the appellant argues the trial court erred in refusing to order a mistrial when the jury, while outside the courtroom, heard from a nonjuror prejudicial remarks about the appellant. Emil Ites, Jr., the minor son of the appellant, was sworn as a witness at the beginning of trial. During the afternoon recess, and before the close of the guilt-innocence phase of trial, the following discussion took place outside the presence of the jury:

> The Court: Counsel, during the recess, the bailiff informed the Court of a certain matter.
>
> Mr. Bailiff, would you state to the—come forward, sir, and state to the record, to counsel and the defendant, what you stated to me.
>
> The bailiff: *One of the jurors told me that—called me off to the side by himself and told me that the little boy had been running down in front of them saying that if he had to spend an hour with his daddy, that if he had to spend an hour with his daddy, he would kill himself.*
>
> The Court: All right. And I instructed the bailiff to go find the young man and tell him to straighten up and be quiet. Did you do that sir?
>
> . . . .
>
> The bailiff: Told the young boy and the people who were with him that he was not to go around the jury anymore, saying anything, to stay down at this end of the courthouse, in this end of the hall and not be around the jurors when they were in recess.
>
> The Court: Do you believe he understood what you said?
>
> The bailiff: Yes, sir.
>
> The Court: All right. Mr. McGee. Anything else.
>
> Defense counsel: Yes, your honor. I move for a mistrial. This constitutes improper communication with the jury by a witness who has been previously sworn. If the Court will take note, at the time the trial

started, the prosecutor designated Emil Ites, Jr. as a witness. He was sworn. He gave his name to the Court. And then, after that, he communicated to the jury directly, as has been reported by your bailiff. And that is grounds for a mistrial, and we respectfully ask you to declare a mistrial, let us pick another jury and start again.

The Court: All right. I'll take your motion under advisement.

(Emphasis added.)

The trial court overruled the appellant's motion for mistrial at the end of the day. Before dismissing the jury that day, the court made the following statement to the jury:

Now, I want to give you these additional instructions. I have previously told you, and I reaffirm that the only place that you are to receive evidence in this case is from the witness stand or documents that were introduced. What people say outside the courtroom or inside the courtroom, if they're not witnesses and under oath, that's not evidence. And you may not consider that for any purpose whatsoever. And in the event that you hear something about this case, other than from the witness stand, or in this courtroom, you're not to relay that to any other members of the jury. It's for your mind only. And you're not to comment upon that at any time during the trial.

Now, have each of you understood the latter part of the instructions I just gave you. If not, please raise your hand. Seeing no hands, it's my belief all of you understand the instructions.

The court's charge also instructed the jury to limit its deliberations to the evidence:

You are limited in your deliberations upon a verdict to the consideration and discussion of such facts and circumstances only as were admitted in evidence, or as are reasonably deducible from the evidence, and no juror is permitted to communicate to any other juror anything she or he may have heard regarding the case or any witness therein, from any source other than the witness stand. In deliberating on the cause you are not to refer to or discuss any

matter or issue not in evidence before you; nor talk about this case to anyone not of your jury.

▪ For an accused to have a fair trial, the jury must decide his case based only on the evidence presented at trial. *Robinson v. State*, 851 S.W.2d 216, 230 (Tex.Crim.App. 1991). Article 36.22 of the Texas Code of Criminal Procedure states:

No person shall be permitted to be with a jury while it is deliberating. No person shall converse with a juror about the case on trial except in the presence and by the permission of the court.

TEX.CODE CRIM.P. art. 36.22 (1981). The purpose of article 36.22 is to prevent an outsider from saying something that might influence a juror. *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex.Crim.App.1983).

▪ When a juror communicates with an unauthorized person about the case at trial, we presume the defendant was injured. *Robinson*, 851 S.W.2d at 230; *Green v. State*, 840 S.W.2d 394, 406 (Tex.Crim.App.1992). To invoke this presumption, the defendant must show the communication involved matters concerning the defendant's trial. *Chambliss*, 647 S.W.2d at 265–66; *Romo v. State*, 631 S.W.2d 504, 506 (Tex.Crim.App.1982). We presume harm even when the communication does not rise to the level of a full-blown conversation or discussion of the specifics of a given case. *McIntire v. State*, 698 S.W.2d 652, 659 (Tex.Crim.App.1985).

▪ If the defendant proves a discussion involving the case at trial, the State bears the burden of rebutting the presumption of harm. *Robinson*, 851 S.W.2d at 230; *McIntire*, 698 S.W.2d at 659. The State may rebut the presumption by showing the case was not discussed or nothing prejudicial about the accused was said. *Green*, 840 S.W.2d at 406; *Thomas v. State*, 699 S.W.2d 845, 853 (Tex.Crim.App.1985). Even if a prejudicial statement was made to a juror, it may not require reversal if the juror testifies he or she did not tell any other jurors about the statement and the statement would not influence the juror in reaching a verdict. *Robinson*, 851 S.W.2d at 230; *Thomas*, 699 S.W.2d at 853. The focus is the injury to the accused. *Thomas*, 699 S.W.2d at 853. If the

State shows the accused was not injured, the verdict will be upheld and a new trial is not required. *Green,* 840 S.W.2d at 406.

The record shows the appellant's son, who had been sworn as a witness in the case, made a statement in the jury's presence that involved matters concerning the appellant's trial. Therefore, the burden shifted to the State to rebut the presumption of harm. The State presented no evidence the communication did not prejudice the appellant. The jury returned the maximum prison time allowed in this case.

We sustain point of error two.

### State's Cross–Points

The State brings two cross-points of error that it asks us to consider in the event we reverse this case and remand the cause for another trial. *See* TEX.CODE CRIM.PROC. art. 44.01(c) (1995) (State is entitled to appeal ruling on a question of law if defendant is convicted in case and appeals judgment). In cross-point one, the State claims the trial court erred by excluding evidence of a confession that Stacy Alexander, a child protective services investigator, took without giving the appellant his *Miranda*[1] warnings. The State contends Alexander did not act as a law enforcement official when she took the statement, and *Miranda* warnings were therefore not required.

The record contains a bill of exceptions of Alexander's testimony. However, the State does not point to anywhere in the record where it actually proffered the testimony of Alexander, or where the trial court entered a ruling sustaining the appellant's objection that the testimony was inadmissible. Without a ruling by the trial court excluding the evidence of which the State complains, the State has not shown the trial court prevented it from admitting the evidence the State contends should have been admitted.

We overrule cross-point one.

■ In cross-point two, the State contends the trial court erred in excluding certain portions of State's exhibit 16. This exhibit consisted of a letter from the appellant to his wife in which the appellant stated, "I can prove that I've never jacked off in [the

complainant's] mouth or on her. I never went that far." The court ordered this statement redacted from the letter, and a copy of the letter without the statement was admitted as State's exhibit 16A. The State contends the redacted statement was relevant to the crime charged and an admission by a party-opponent. *See* TEX.R.CRIM.EVID. 401–02, 801(e)(1)(2).

Relevant evidence is any evidence that tends to make the existence of a consequential fact more or less probable than it would be without the evidence. TEX.R.CRIM.EVID. 401. The appellant was charged with penetrating his daughter's mouth with his sexual organ. The appellant's statement in his letter "I never went that far" tends to make more probable the consequential fact that the appellant engaged in the charged conduct. We hold the statement is relevant to the charged conduct, and the trial court erred by excluding it.

We sustain cross-point two.

We do not address the appellant's remaining points of error because they are remand points.

We reverse the judgment of the trial court and remand the cause for further proceedings.

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).