Affirmed and Memorandum Opinion filed April 10, 2007








Affirmed and Memorandum Opinion filed April 10, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00695-CR

____________

 

MICHAEL TROY DOWDELL, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 1224201

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Troy Dowdell, appeals his conviction for
misdemeanor assault of a family member.  See Tex. Penal Code Ann. ' 22.01 (Vernon
2003).  We affirm.

Factual and Procedural Background








On the morning of January 2, 2004, appellant and his wife,
L=Tonya Dowdell, the
complainant, got into an argument about finances.  During the dispute,
appellant pressed his hand to complainant=s face, scratching
her cheek and busting her lip.  Knowing the situation would get worse if it did
not stop, complainant then pushed appellant.  The confrontation continued when
complainant went into the bathroom to get toilet paper to wipe the blood on her
face.  When complainant turned around from getting the toilet paper, appellant,
who had followed complainant into the bathroom, pushed her into the wall,
knocking the brass toilet paper holder off the wall. They continued to argue
until appellant again pushed complainant, this time into the whirlpool tub. 
Within five minutes after the bathroom confrontation, appellant left for work,
taking all of the car keys in the house.  Appellant was arrested later that
day.

Appellant was charged with the offense of misdemeanor
assault of a family member.  Tex. Penal
Code Ann. ' 22.01 (Vernon 2003).  After pleading not
guilty, appellant was found guilty as charged by a jury.  The trial court
sentenced appellant to one year in jail, probated for two years, and a fine of
$4,000, which was not probated.

Discussion

In his first three issues, appellant argues the trial court
violated his constitutional right to confront and cross-examine witnesses
against him.  In his fourth and final issue, appellant argues the trial court
erred when it denied his requested verdict of acquittal on charges that he had
caused bodily injury to the complainant by striking her with his hand.

I.        Appellant
Failed to Preserve Error on His Confrontation Complaints.

In his first three issues, appellant asserts the trial
court violated his constitutional right to confront and cross-examine witnesses
against him when it refused to permit appellant to confront the complainant
with testimony (1) that she had attacked him both in the morning and the
evening of the date charges were filed against him; (2) that the complainant
had taken approximately $17,000 out of various bank accounts under appellant=s control during
the time he was in custody; and (3) that the complainant had repeatedly called
appellant=s place of work. 








The constitutional right of confrontation is violated when
appropriate cross-examination is limited.  Carroll v. State, 916 S.W.2d
494, 497 (Tex. Crim. App. 1996).  However, even constitutional error may be
waived by failure to raise the issue at trial.  Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990).  Specifically, a defendant waives his
constitutional right to confront witnesses if he does not object to the denial
of that right at trial.  Holland v. State, 802 S.W.2d 696, 700 (Tex.
Crim. App. 1991).  In addition, a party seeking to introduce evidence must meet
an objection with argument stating the basis for its admission.  Reyna v.
State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).  If the proponent of the
evidence does not clearly articulate to the trial court that the Confrontation
Clause requires the admission of the challenged evidence, he fails to do
everything necessary to bring to the judge=s attention the
evidence rule or statute in question and its precise and proper application to
the evidence in question and error is not preserved.  Id. at 179B80.  It is not
enough to merely attempt to introduce the evidence or to tell the judge that
evidence is admissible.  Id. at 179.  The proponent, if he is the losing
party on appeal, must have told the judge why the evidence was admissible.  Id.

A.      The
Alleged Morning Assault

Appellant has not cited, nor does the record reveal, that
the trial court ruled or refused to rule on the admissibility of testimony
regarding the alleged morning assault.  In addition, appellant has not
demonstrated that he obtained a ruling from the trial court on whether the
evidence was admissible under the Confrontation Clause. Finally, the offer of
proof made by appellant does not include any proffered testimony about the
alleged morning assault by the complainant. For these reasons, appellant failed
to preserve this complaint for appellate review.  Tex. R. App. P. 33.1; Wright v. State, 28 S.W.3d 526,
536 (Tex. Crim. App. 2000); Eustis v. State, 191 S.W.3d 879, 885B86 (Tex. App.CHouston [14th
Dist.] 2006,  pet. ref=d); Giesberg v. State, 945 S.W.2d
120, 128 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).

B.      The
Alleged Evening Assault








While appellant did include proposed testimony regarding
the alleged evening assault by the complainant in his offer of proof, there is
no evidence the trial court actually denied appellant the opportunity to
cross-examine the complainant regarding this alleged assault.  Indeed, there is
no evidence in the record that appellant even attempted to cross-examine the
complainant regarding the alleged evening assault.  As appellant has failed to
demonstrate that the trial court actually excluded this testimony, and also
failed to show he obtained a ruling from the trial court on whether the
evidence was admissible under the Confrontation Clause, appellant has failed to
preserve this complaint for appellate review.  Id.  We overrule
appellant=s first issue on appeal.

C.      The
Alleged Withdrawal of Money by Complainant

In his second point of error, appellant complains he was
denied the opportunity to confront the complainant regarding her alleged
withdrawal of money from appellant=s bank accounts
while appellant was in custody.  Appellant raised the issue of the alleged withdrawals during
a bench conference.  The trial court inquired if the complainant had a legal
right to withdraw the funds.  Appellant=s counsel was uncertain of the status
of the accounts and based on that uncertainty, the trial court refused to allow
appellant to question complainant regarding the alleged withdrawals.  The trial
court informed appellant he would revisit the issue if the appellant was able
to produce evidence that the complainant did not have the legal right to make
the alleged withdrawals.  Appellant objected to the exclusion of the evidence,
stating it was needed to demonstrate that the complainant had a motive to keep
the appellant in jail.  Appellant did not object to the exclusion of the
evidence on the basis of the Confrontation Clause and therefore this issue is
not preserved for appellate review.  Eustis, 191 S.W.3d at 885B86.  We overrule appellant=s second issue.

D.        Testimony Regarding the
Complainant=s Alleged Calls to Appellant=s Business








In his
third issue, appellant asserts he was denied the opportunity to confront
complainant with testimony that she repeatedly called appellant=s business.  Specifically, appellant
complains that he was not allowed to call two witnesses, Rebecca Wolt and
Theresa Wolt, to testify about the complainant calling appellant=s office and requesting financial
information about the company=s mortgage business.  There is no evidence in the record that
appellant attempted to present this testimony and no evidence the trial court
ruled adversely to appellant.  Appellant mentioned this testimony for the first
time when he included it in his offer of proof after both the State and
appellant had rested their cases.

The complaining party has the burden to present a
sufficient record to the appellate court to show error requiring reversal.  Tex. R. App. P. 33.1(a).  A party
satisfies only a part of this requirement by making an offer of proof
containing excluded testimony.  Giesberg, 945 S.W.2d at 128.  To
preserve error for the exclusion of evidence, a party must show he  offered a
timely objection to the trial court=s refusal to allow
certain testimony at trial and obtained a ruling by the trial court on the
objection, or any error is waived.  See id. (holding where there is no
record of the court ruling excluding the evidence, and even if the existence of
a bill of exceptions standing alone could show the court excluded the evidence,
no error was preserved because it did not show nature of the objection evoking
the ruling); Ites v. State, 923 S.W.2d 675, 678 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d) (holding no error preserved despite
existence of bill of exceptions when there is no indication of where in the
record the proponent proffered the evidence, opponent objected to it, or the
trial court ruled to exclude it); Medina v. State, 828 S.W.2d 268, 270
(Tex. App.CSan Antonio 1992, no pet.) (finding appellant waived
appellate consideration of the trial court=s refusal of
testimony by failing, during trial, to make the required offer of proof of the
evidence included in the bill of exception).








We have reviewed the record and appellant made no attempt
to introduce the evidence he claims on appeal the trial court improperly
excluded.  In addition, appellant has not cited, nor does the record reveal,
that the trial court ruled or refused to rule on the admissibility of this
evidence.  As appellant has failed to demonstrate the trial court actually
excluded this testimony, and by failing to offer that testimony during trial or
obtain a ruling from the trial court on whether that evidence was admissible,
appellant failed to preserve this issue for appellate review.  See Giesberg,
945 S.W.2d at 128; Ites, 923 S.W.2d at 678.  We overrule appellant=s third issue on
appeal. 

II.       Appellant
Waived His Issue Challenging the Trial Court=s Denial of His
Motion for Directed Verdict

In his fourth issue, appellant argues the trial court erred
in denying his motion for directed verdict.  Appellant was charged with causing
bodily injury to the complainant by pushing her, as well as by striking her
with his hand.  Both counts were submitted to the jury.  Appellant argues that
since the jury was permitted to return a general verdict and, according to
appellant, the State did not present sufficient evidence that appellant hit the
complainant with his hand, it is impossible to determine whether any members of
the jury based their verdict on this improper basis thus entitling him to a new
trial.  However, appellant presents no legal authority to support his
contentions as he is required to do pursuant to Rule of Appellate Procedure
38.1(h).  As appellant has inadequately briefed this issue, it is waived.  Hankins
v. State, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004).  We overrule
appellant=s fourth issue.

Conclusion

Having overruled each of appellant=s issues on appeal, we affirm the
judgment of the trial court.

 

 

/s/          John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed April 10, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).