In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-00243-CR


____________________



JOSEPH DANIEL MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 93662






 OPINION


 Joseph Daniel Moore appeals his conviction for arson. On appeal, Moore argues that
the trial court erred by excluding evidence and by commenting on evidence in the jury's
presence during the punishment phase of his trial. We affirm.

Background

 The State asserted that Moore burned down his ex-wife's residence and indicted him
for arson. See Act of May 17, 2001, 77th Leg., R.S., ch. 976, §1, 2001 Tex. Gen. Laws 2138,
2138-39 (current version at Tex. Pen. Code Ann. 28.02(a)(2) (Vernon Supp. 2008)). The
indictment also asserted that Moore had previously been convicted of multiple prior crimes
to make him subject to punishment as an habitual felon. Moore pled "not guilty" to the
offense and "untrue" to the paragraphs of the indictment alleging prior crimes. The jury
found Moore guilty of the offense and answered "true" on the issue related to Moore's prior
crimes. Based on the jury's verdict, the trial court sentenced Moore to thirty-five years of
confinement in the Texas Department of Criminal Justice, Institutional Division.

 Moore raises two issues in his appeal. In issue one, Moore complains that the trial
court erred in excluding his girlfriend's testimony about a conversation between his mother
and his aunt. In issue two, Moore complains that the trial court's questioning of a fingerprint
expert constituted a comment on the evidence.

Analysis

Exclusion of Testimony

 Moore argues that the trial court erred by preventing Moore's girlfriend from
testifying about a telephone conversation between his mother and his aunt that had been
relayed to her. The record reflects that when Moore attempted to elicit testimony about this
conversation, the State lodged a hearsay objection. Moore told the trial court that the
testimony was not going to be offered to prove the truth of the substance of the conversation,
but rather to demonstrate that Moore "took certain conduct or conducted himself in a certain
way, having received the information." The trial court sustained the State's hearsay
objection. Following the trial court's ruling, the record reflects that Moore neither made an
offer of proof nor a bill of exception setting forth the substance of the testimony. See Tex.
R. Evid. 103(a)(2); Tex. R. App. P. 33.2.

 To preserve error regarding a trial court's exclusion of evidence, a party must have
actually attempted to introduce the evidence during trial, and the trial court must have
excluded the evidence. See Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; Basham v. State,
608 S.W.2d 677, 679 (Tex. Crim. App. 1980); Ites v. State, 923 S.W.2d 675, 678 (Tex.
App.-Houston [1st Dist.] 1996, pet. ref'd). The proponent of the evidence must have made
the substance of the offered evidence known to the court through either a bill of exception
or offer of proof, unless the substance of the evidence is apparent from the context in which
the evidence was offered. See Tex. R. Evid. 103(a)(2); Guidry v. State, 9 S.W.3d 133, 153
(Tex. Crim. App. 1999) ("Error in the exclusion of evidence may not be urged unless the
proponent perfected an offer of proof or a bill of exceptions."). Failure to present a particular
argument to the trial court in support of the admission of excluded evidence waives that
argument for appeal. See Reyna v. State, 168 S.W.3d 173, 176-79 (Tex. Crim. App. 2005);
Rodriguez v. State, 749 S.W.2d 576, 578 (Tex. App.-Corpus Christi 1988, pet. ref'd). We
have reviewed the record; Moore made no attempt to introduce the evidence that he claims
that the trial court improperly excluded. Absent an offer of proof or a bill of exception
setting forth the evidence Moore sought to introduce, nothing is presented for our review on
appeal. Accordingly, we overrule Moore's first issue.

Questions by Trial Court

 In his second issue, Moore asserts that the trial court commented on the weight of the
evidence when it "expressly stated to the jury [its] opinion concerning the punishment
evidence and [its] evaluation of that evidence." See Tex. Code Crim. Proc. Ann. art. 38.05
(Vernon 1979). (1) During the punishment phase of the trial, the State called a fingerprint
expert to show that Moore was the person previously convicted of the felonies alleged in the
indictment. After the attorneys for the State and the defendant passed the witness, the trial
court asked:

 THE COURT: I just want to ask one thing. The - it's my
understanding the summary of your testimony was you've taken
the fingerprints from the defendant and those fingerprints match
with the fingerprints that are found on State's Exhibits 39 and
40, which represent prior convictions of the defendant?

 

 THE WITNESS: That's correct.

 

 THE COURT: In your expertise as fingerprint examiner, can
you tell us conclusively that those fingerprints are the
defendant's that are found on those exhibits and to the exclusion
of any other person in the world?

 

 THE WITNESS: Yes, sir, I can.

 

 THE COURT: And what is your conclusion to that?

 

 THE WITNESS: These fingerprints were made by one [and] the
same individual, that being the defendant.

 

 THE COURT: All right. Anything you would like to ask to
follow-up on that, [Defense Counsel]?

 

 [DEFENSE COUNSEL]: No, Your Honor.

 

 THE COURT: All right. Thank you.

 

 (Witness Exits)


The State responds that in this exchange the trial court did nothing more than ask questions
for clarification, and that at no time did the court ever express an opinion about any of the
evidence.

 Moore did not object to the trial court's questioning of the witness. Generally, a
defendant must make a timely, specific objection at trial or he forfeits his complaint on
appeal. See Tex. R. App. P. 33.1(a)(1)(A). The contemporaneous objection requirement
encompasses a complaint about a trial court's remarks that amount to a comment on the
weight and credibility of the evidence. See Peavey v. State, 248 S.W.3d 455, 470 (Tex.
App.-Austin 2008, pet. ref'd); Ganther v. State, 187 S.W.3d 641, 650 (Tex. App.-Houston
[14th Dist.] 2006, pet. ref'd); Martinez v. State, 147 S.W.3d 412, 419 (Tex. App.-Tyler 2004,
pet. ref'd); Stubbs v. State, No. 09-03-214-CR, 2004 Tex. App. LEXIS 8916, at *7 (Tex.
App.-Beaumont Oct. 6, 2004, no pet.) (not designated for publication); Moore v. State, 907
S.W.2d 918, 923 (Tex. App.-Houston [1st Dist.] 1995, pet. ref'd). 

 In a plurality opinion, the Court of Criminal Appeals recognized that a trial court's
comments "which tainted [the defendant's] presumption of innocence . . . were fundamental
error of constitutional dimension and required no objection." Blue v. State, 41 S.W.3d 129,
132 (Tex. Crim. App. 2000). Since deciding Blue, the Court of Criminal Appeals has
clarified the types of statements that trial courts can make without violating Blue. See Jasper
v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). In Jasper, the Court recognized a trial
court's comments made to correct a misstatement or misrepresentation of previously admitted
testimony, to maintain control and expedite the trial, or to clear up a point of confusion, as
well as comments revealing irritation at counsel, do not rise to the level of fundamental error
unless the comments bear upon the presumption of innocence or vitiate the impartiality of
the jury. Id.

 Moore asserts that the questions posed by the trial court to the fingerprint expert
deprived him of a fair and impartial trial. We disagree. A trial court may question a witness
for the purpose of clarifying an issue. Brewer v. State, 572 S.W.2d 719, 721 (Tex. Crim.
App. 1978). The trial court's questions occurred during the punishment phase of the case
and clarified whether the fingerprint analysis had a potential for misidentification. Unlike
Blue, the trial court's questioning in this case occurred during the punishment phase, after
the jury had found Moore guilty. Cf. Blue, 41 S.W.3d at 130-32. In light of the jury's guilt
finding, the concern created by the presumption of innocence was not a factor at this phase
of Moore's trial. See generally Jasper, 61 S.W.3d at 421.

 We conclude that the trial court's questions of the fingerprint expert do not implicate
the doctrine of fundamental error as expressed in Blue. Thus, in the absence of an objection,
Moore's complaint, asserting that the questions constitute a comment on the evidence, was
waived. See Tex. R. App. P. 33.1. We overrule Moore's second issue and affirm the trial
court's judgment. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 28, 2008

Opinion Delivered January 7, 2009

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Article 38.05 of the Texas Code of Criminal Procedure provides that:


 In ruling upon the admissibility of evidence, the judge
shall not discuss or comment upon the weight of the same or
its bearing in the case, but shall simply decide whether or not
it is admissible; nor shall he, at any stage of the proceeding
previous to the return of the verdict, make any remark
calculated to convey to the jury his opinion of the case.