COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS ESTRELLA, | | No. 08-07-00173-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 409th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2006D04732) |
| | § | |
| | § | |

**O P I N I O N**

This is an appeal from a conviction of the offense of indecency with a child. He was sentenced to 10 years' incarceration, suspended for 10 years' of community supervision. On appeal, Mr. Estrella argues the trial court erred in refusing to allow the defense to admit a writing in its entirety to impeach a witness and that the State made an improper jury argument.

Appellant was tried for aggravated sexual assault of a child. During the trial, defense counsel asked Mrs. Steverding, the mother of the child, to review Defendant's Exhibit 1, a letter. In the letter, Mrs. Steverding denied that she had a sexual affair with Appellant. Mrs. Steverding stated that she lied in the letter about the affair. Defense counsel began to question Mrs. Steverding about what the letter contained regarding the circumstances of her marriage to her husband at which point the State objected. Counsel for both sides and the trial court discussed whether the letter should be admitted. Defense counsel asked whether the State wanted him to redact everything, but that one paragraph. At the end of the discussion, counsel

for the defense stated that "[w]e'll deal with it later." The following day at trial, a redacted version of the letter was offered with no objection from the State. An unredacted version was offered and admitted for appellate purposes only.

In Issue One, Appellant argues the trial court erred in refusing to admit a writing in its entirety to impeach a State witness. On cross-examination of Mrs. Steverding, counsel for the defense began laying predicate for a letter written by the witness, which discussed her relationship with Appellant and her relationship with her husband. However, the letter was never offered for admission into evidence. To preserve error for appellate review, the complaining party must make a timely, specific objection or request and obtain an adverse ruling. *See* TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). The proponent of excluded evidence must also have made the substance of the offered evidence known to the court through a bill of exception or offer of proof, unless the substance is apparent from the context in which the evidence was offered. *See* TEX.R.EVID. 103(a)(2). The record does not show where the letter was actually proffered or where the trial court entered a ruling denying the admission of the letter into evidence. As such, Appellant has not shown the trial court prevented him admitting the evidence. *Ites v. State*, 923 S.W.2d 675, 678 (Tex.App.-- Houston [1st Dist.] 1996, pet. ref'd). Having failed to make a specific request and obtain an adverse ruling, Appellant has failed to preserve error. TEX.R.APP.P. 33.1(a). Issue One is overruled.

In Issue Two, Appellant argues the State made an improper jury argument, which resulted in an unfair verdict being reached. In his brief, Appellant sets out the standard of review for this issue, but fails to apply the law to the facts as required under the appellate rules. *See*

TEX.R.APP.P. 38.1. The brief does not state what the improper argument was, or where it may be found in the record. We find he has failed to adequately brief this issue, and error, if any, is waived. *See Swearingen v. State*, 101 S.W.3d 89, 100 (Tex.Crim.App. 2003). Issue Two is overruled.

Having overruled both issues raised by Appellant, we affirm the judgment of the trial court.

July 15, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)