**Opinion filed July 29, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00066-CR

_____

## YEDIDIYAH HAWKINS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Callahan County, Texas**

**Trial Court Cause No. 6641**

## M E M O R A N D U M   O P I N I O N

The jury convicted Yedidiyah Hawkins of aggravated sexual assault, and the trial court assessed punishment at thirty years confinement. We affirm.

There is no challenge to the sufficiency of the evidence. The victim testified that, at the time of the offense, she was eleven years old and that she lived with her mother, appellant, and her siblings. On the day of the offense, the victim and appellant were going to Bill and Lisa Thornton's house to watch wrestling. On the way, appellant took the victim to Rachyl Hawkins's house. No one was at Rachyl's house at the time. The victim testified that, at

Rachyl's house, appellant "put the speculum inside" her. The victim and appellant then went to the Thornton's house. The victim told her mother about the incident.

Rachyl testified at trial that, on the day of the offense, she was out of town on a shopping trip. When she returned from the trip, Rachyl found the victim's pink sweater and earring in Rachyl's bedroom. Rachyl also found "feet stirrups" under her bed and also condom and lubricant packets. None of these items belonged to Rachyl, and none were in her house before she left on the trip. Rachyl said that the items belonged to appellant and that she confronted him about the items. Rachyl testified that appellant admitted that he used the speculum on the victim.

Appellant presented evidence that the victim admitted to fabricating the allegations. Appellant called witnesses who testified that the victim had a reputation for not telling the truth.

In his first, second, and third points of error, appellant complains that he received ineffective assistance of counsel. In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). Generally, the record on direct appeal will not be sufficient to show that trial counsel's representation was so lacking as to overcome the presumption of reasonable conduct. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We do not inquire into trial strategy unless no plausible basis exists for trial counsel's actions. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant first argues that his trial counsel was ineffective in failing to request a charge on the defense of medical necessity. It is a defense to prosecution for aggravated sexual assault that the conduct consisted of medical care for the child. TEX. PENAL CODE ANN. §§ 22.011(d), 22.021(d) (Vernon Supp. 2009). The victim testified that appellant gave her a "pap smear" and

that he "checked" her for cervical cancer. Appellant contends that his trial counsel's failure to request a charge on medical necessity forfeited his right to assert that defense. The record shows that appellant's trial counsel called several witnesses to testify that the victim was untruthful and that the victim admitted that she fabricated the allegations. Appellant has not shown that trial counsel's decision on the defense of medical necessity was not based upon sound trial strategy. We overrule appellant's first point of error.

Appellant contends in his second point of error that his trial counsel was deficient in failing to preserve his motion to suppress. In his third point of error, appellant complains that his trial counsel was ineffective in failing to properly raise the issue of whether the attorney for the State was properly deputized to litigate for seizure of the victim. Trial counsel filed a motion to suppress on October 23, 2008. The motion sought to suppress "all evidence gained from the execution of the illegal TRO served upon [appellant] on or about October 16, 2007, ('TRO,' herein), all evidence obtained from his illegal incarceration, all evidence obtained by the unlawful search and seizure of his home, and all evidence that derives from those sources." Trial counsel argued in the motion to suppress that the TRO was obtained in violation of the Constitution and the laws of the State of Texas because Glenna Cordray represented the Department of Protective and Family Services without being properly deputized. Appellant also argued that the search warrant for his home did not comply with state law or the federal or state constitutions. There was no hearing on the motion.

At the close of the State's evidence, trial counsel made a motion for a directed verdict and also asked the trial court for a ruling on the motion to suppress. Trial counsel argued that Cordray lacked "the authority to attain TRO pursuant to the Family Code." The trial court denied both motions. Trial counsel called Cordray to testify out of the presence of the jury to further his motion to suppress. Cordray testified that she was an attorney for the department and that she was deputized by the attorney general for both the current and previous years. Cordray testified that she handled department matters when there is a conflict with criminal and civil cases.

Appellant's motion to suppress indicates that the TRO related to the department's removal of the children from appellant's home.[1] There is nothing in the record to show that Cordray was not properly deputized. There is nothing in the record to indicate that there was an

---

[1] The TRO is not part of the record before us.

unlawful search of appellant's home. Appellant has not shown that he should prevail on the motion to suppress. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). The record shows that trial counsel called witnesses on appellant's behalf, made appropriate objections, and conducted thorough cross-examination. Appellant has not shown that his trial counsel was ineffective. We overrule appellant's second and third points of error.

Appellant argues in his fourth point of error that the trial court erred in overruling his motion for mistrial. We review the trial court's ruling on a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Appellant specifically complains that the trial court erred in refusing to grant a mistrial because "members of the motorcycle club 'Bikers Against Child Abuse' were attempting to influence the jury."

Appellant notified the trial court that there was a motorcycle club, Bikers Against Child Abuse, present. Trial counsel expressed concern that the group was attempting to influence the jury. Prior to any witnesses being called, the trial court commented on the presence of the group. The trial court instructed the jury that the group was to have no effect on the jury and that appellant was not affiliated with the group.

Later on during the trial, appellant's trial counsel asked the trial court to "do something about the motorcycle people that are in the hallway." Trial counsel stated that the group was "wearing motorcycle gear" and that trial counsel believed it was an attempt to intimidate the jury. Trial counsel requested that the group be removed or ordered to "take off their motorcycle jackets that say anything about motorcycle club against child abuse." Trial counsel also requested that the group not be in the hallway in the presence of the jury and witnesses. The trial court overruled both appellant's request to remove the group from the courtroom and his motion for mistrial. The trial court instructed the jury again not to pay attention to the group and not to let the group influence their verdict.

Appellant cites *Ites v. State*, 923 S.W.2d 675 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd), which holds that, when a juror communicates with an unauthorized person about the case at trial, the appellate court presumes the defendant was injured. However there is nothing in the record to show that any member of the group communicated with the jury. There is no evidence that the group made any verbal remarks or any gestures that would influence the jury. Appellant has not shown that the trial court erred in denying his motion for mistrial. We overrule appellant's fourth point of error.

In his fifth point of error, appellant complains that the trial court erred in "overruling objection to the State's introduction of other conduct during its case in chief." During the testimony of Lisa Thornton, the following exchange occurred:

Q: Lisa, you testified in response to defense's questions that you didn't report this to law enforcement?

A: Yes.

Q: And was that common at the House of Yahweh?

A: Yes.

Q: If you knew of something illegal, would you be allowed to report that to law enforcement?

A: No.

Q: In fact were there other occasions where you knew something was going on and you didn't report it?

[DEFENSE COUNSEL]: I'm going to object as going into extraneous collateral matters, 404B.

[PROSECUTOR]: I am not planning on getting into the details.

Appellant contends that the trial court allowed the State to introduce evidence of an extraneous offense.

Lisa did not answer the question to which appellant objected. Moreover, the testimony did not show evidence of other crimes, wrongs, or acts as set out in TEX. R. EVID. 404(b). We overrule appellant's fifth point of error.

Appellant argues in his sixth point of error that the trial court erred in overruling his objection to the State's closing argument. Rachyl testified that she secretly recorded appellant when he confessed that he used the speculum on the victim. Rachyl played the recording for others. Rachyl said that appellant told her to take the recorder to Bill Thornton Jr. to delete the recordings. Bill testified at trial that Rachyl brought him a digital recording device and that he deleted the files on the recorder at the request of appellant. Bill stated that he did not listen to the recorded files before deleting them.

During closing arguments, the State argued that Bill's testimony that he erased the recording without knowing what was on it was not believable. Appellant did not object to that comment. The State then argued that the testimony was comparable to "the guy at the border who's going to carry over a big huge brown paper wrapping that smells awful funny, but he doesn't really want to know what's inside." Appellant then objected that the argument was outside the evidence. The trial court overruled the objection.

Appellant specifically complains on appeal that the State's argument was improper in stating that Bill's testimony was not believable. Appellant did not timely object to the State's argument that Bill's testimony was not believable; therefore, he has waived this complaint. TEX. R. APP. P. 33.1. Moreover, we find that the argument was a proper summation of the evidence. *See Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). We overrule appellant's sixth point of error.

In his seventh point of error, appellant contends that the trial court allowed the State to strike at him over the shoulders of counsel. Appellant specifically complains of the State's final argument that discussed the State introducing records at trial to support the case. The State argued that the records "were gotten by us, and why? Because we knew the kind of slash and burn, trash victim tactics that would be used by the defense." Appellant argued that the victim was not telling the truth, that the State based its case upon bias and prejudice, and that the State was "going to try to stir a bunch of smoking mirrors." We find that the State's final argument was an answer to the argument of opposing counsel. *Id.* We overrule appellant's seventh point of error.

We affirm the trial court's judgment.


JIM R. WRIGHT
CHIEF JUSTICE


July 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.