Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00066-CR

                                                    __________

 

                                YEDIDIYAH
HAWKINS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                          Callahan
County, Texas

 

                                                       Trial
Court Cause No. 6641

 



 

                                            M E M O R A N
D U M   O P I N I O N

                                                                              

            The
jury convicted Yedidiyah Hawkins of aggravated sexual assault, and the trial
court assessed punishment at thirty years confinement.  We affirm.  

            There
is no challenge to the sufficiency of the evidence.  The victim testified that,
at the time of the offense, she was eleven years old and that she lived with
her mother, appellant, and her siblings.  On the day of the offense, the victim
and appellant were going to Bill and Lisa Thornton’s house to watch wrestling. 
On the way, appellant took the victim to Rachyl Hawkins’s house.  No one was at
Rachyl’s house at the time.  The victim testified that, at Rachyl’s house,
appellant “put the speculum inside” her.  The victim and appellant then went to
the Thornton’s house.  The victim told her mother about the incident.

            Rachyl
testified at trial that, on the day of the offense, she was out of town on a
shopping trip.  When she returned from the trip, Rachyl found the victim’s pink
sweater and earring in Rachyl’s bedroom.  Rachyl also found “feet stirrups”
under her bed and also condom and lubricant packets.  None of these items
belonged to Rachyl, and none were in her house before she left on the trip.  Rachyl
said that the items belonged to appellant and that she confronted him about the
items.  Rachyl testified that appellant admitted that he used the speculum on
the victim.  

            Appellant
presented evidence that the victim admitted to fabricating the allegations.  
Appellant called witnesses who testified that the victim had a reputation for
not telling the truth.  

In
his first, second, and third points of error, appellant complains that he
received ineffective assistance of counsel.  In order to determine whether
appellant’s trial counsel rendered ineffective assistance at trial, we must
first determine whether appellant has shown that counsel’s representation fell
below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). 
We must indulge a strong presumption that counsel’s conduct fell within the
wide range of reasonable professional assistance, and appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503,
508-09 (Tex. Crim. App. 1991).  Generally, the record on direct appeal will not
be sufficient to show that trial counsel’s representation was so lacking as to
overcome the presumption of reasonable conduct.  Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).  We do not inquire into trial strategy
unless no plausible basis exists for trial counsel’s actions.  Johnson v.
State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).  When the record
contains no evidence of the reasoning behind trial counsel’s actions, we cannot
conclude that counsel’s performance was deficient.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Appellant
first argues that his trial counsel was ineffective in failing to request a
charge on the defense of medical necessity.  It is a defense to prosecution for
aggravated sexual assault that the conduct consisted of medical care for the
child.  Tex. Penal Code Ann. §§
22.011(d), 22.021(d) (Vernon Supp. 2009).  The victim testified that appellant
gave her a “pap smear” and that he “checked” her for cervical cancer.   Appellant
contends that his trial counsel’s failure to request a charge on medical
necessity forfeited his right to assert that defense.   The record shows that
appellant’s trial counsel called several witnesses to testify that the victim
was untruthful and that the victim admitted that she fabricated the
allegations.    Appellant has not shown that trial counsel’s decision on the
defense of medical necessity was not based upon sound trial strategy.  We overrule
appellant’s first point of error.  

Appellant
contends in his second point of error that his trial counsel was deficient in
failing to preserve his motion to suppress.  In his third point of error,
appellant complains that his trial counsel was ineffective in failing to
properly raise the issue of whether the attorney for the State was properly
deputized to litigate for seizure of the victim.  Trial counsel filed a motion
to suppress on October 23, 2008.  The motion sought to suppress “all evidence
gained from the execution of the illegal TRO served upon [appellant] on or
about October 16, 2007, (‘TRO,’ herein), all evidence obtained from his illegal
incarceration, all evidence obtained by the unlawful search and seizure of his
home, and all evidence that derives from those sources.”  Trial counsel argued
in the motion to suppress that the TRO was obtained in violation of the
Constitution and the laws of the State of Texas because Glenna Cordray
represented the Department of Protective and Family Services without being
properly deputized.  Appellant also argued that the search warrant for his home
did not comply with state law or the federal or state  constitutions. There was
no hearing on the motion.  

At
the close of the State’s evidence, trial counsel made a motion for a directed
verdict and also asked the trial court for a ruling on the motion to suppress. 
Trial counsel argued that Cordray lacked “the authority to attain TRO pursuant
to the Family Code.”  The trial court denied both motions.  Trial counsel
called Cordray to testify out of the presence of the jury to further his motion
to suppress.  Cordray testified that she was an attorney for the department and
that she was deputized by the attorney general for both the current and
previous years.  Cordray testified that she handled department matters when
there is a conflict with criminal and civil cases.

Appellant’s
motion to suppress indicates that the TRO related to the department’s removal
of the children from appellant’s home.[1] 
There is nothing in the record to show that Cordray was not properly
deputized.  There is nothing in the record to indicate that there was an
unlawful search of appellant’s home.  Appellant has not shown that he should
prevail on the motion to suppress.  See Jackson v. State, 973 S.W.2d
954, 957 (Tex. Crim. App. 1998).  The record shows that trial counsel called
witnesses on appellant’s behalf, made appropriate objections, and conducted
thorough cross-examination.  Appellant has not shown that his trial counsel was
ineffective.  We overrule appellant’s second and third points of error.

Appellant
argues in his fourth point of error that the trial court erred in overruling
his motion for mistrial.  We review the trial court’s ruling on a motion for
mistrial for an abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999).  Appellant specifically complains that the trial court
erred in refusing to grant a mistrial because “members of the motorcycle club
‘Bikers Against Child Abuse’ were attempting to influence the jury.” 

Appellant
notified the trial court that there was a motorcycle club, Bikers Against Child
Abuse, present.  Trial counsel expressed concern that the group was attempting
to influence the jury.  Prior to any witnesses being called, the trial court commented
on the presence of the group.  The trial court instructed the jury that the
group was to have no effect on the jury and that appellant was not affiliated
with the group.

Later
on during the trial, appellant’s trial counsel asked the trial court to “do
something about the motorcycle people that are in the hallway.”  Trial counsel
stated that the group was “wearing motorcycle gear” and that trial counsel
believed it was an attempt to intimidate the jury.  Trial counsel requested
that the group be removed or ordered to “take off their motorcycle jackets that
say anything about motorcycle club against child abuse.”  Trial counsel also
requested that the group not be in the hallway in the presence of the jury and
witnesses.  The trial court overruled both appellant’s request to remove the
group from the courtroom and his motion for mistrial.  The trial court
instructed the jury again not to pay attention to the group and not to let the
group influence their verdict.

Appellant
cites Ites v. State, 923 S.W.2d 675 (Tex. App.—Houston [1st Dist.] 1996,
pet. ref’d), which holds that, when a juror communicates with an unauthorized
person about the case at trial, the appellate court presumes the defendant was
injured.   However there is nothing in the record to show that any member of
the group communicated with the jury.  There is no evidence that the group made
any verbal remarks or any gestures that would influence the jury.  Appellant
has not shown that the trial court erred in denying his motion for mistrial. 
We overrule appellant’s fourth point of error.

In
his fifth point of error, appellant complains that the trial court erred in “overruling
objection to the State’s introduction of other conduct during its case in
chief.”  During the testimony of Lisa Thornton, the following exchange
occurred:

Q:
Lisa, you testified in response to defense’s questions that you didn’t report
this to law enforcement?

 

A:
Yes.

 

Q:
And was that common at the House of Yahweh?

 

A:
Yes.

 

Q:
If you knew of something illegal, would you be allowed to report that to law
enforcement?

 

A:
No.

 

Q:
In fact were there other occasions where you knew something was going on and
you didn’t report it?

 

[DEFENSE
COUNSEL]: I’m going to object as going into extraneous collateral matters, 404B.

 

[PROSECUTOR]:
I am not planning on getting into the details.

 

Appellant
contends that the trial court allowed the State to introduce evidence of an
extraneous offense.  

            Lisa
did not answer the question to which appellant objected.  Moreover, the
testimony did not show evidence of other crimes, wrongs, or acts as set out in Tex. R. Evid. 404(b).  We overrule
appellant’s fifth point of error.

            Appellant
argues in his sixth point of error that the trial court erred in overruling his
objection to the State’s closing argument.  Rachyl testified that she secretly
recorded appellant when he confessed that he used the speculum on the victim.  Rachyl
played the recording for others.  Rachyl said that appellant told her to take
the recorder to Bill Thornton Jr. to delete the recordings.  Bill testified at
trial that Rachyl brought him a digital recording device and that he deleted
the files on the recorder at the request of appellant.  Bill stated that he did
not listen to the recorded files before deleting them.

            During
closing arguments, the State argued that Bill’s testimony that he erased the re-cording
without knowing what was on it was not believable.  Appellant did not object to
that comment.  The State then argued that the testimony was comparable to “the
guy at the border who’s going to carry over a big huge brown paper wrapping
that smells awful funny, but he doesn’t really want to know what’s inside.”  Appellant
then objected that the argument was outside the evidence.  The trial court
overruled the objection.  

Appellant
specifically complains on appeal that the State’s argument was improper in
stating that Bill’s testimony was not believable.  Appellant did not timely object
to the State’s argument that Bill’s testimony was not believable; therefore, he
has waived this complaint.  Tex. R.
App. P. 33.1.  Moreover, we find that the argument was a proper
summation of the evidence.  See Guidry v. State, 9 S.W.3d 133, 154 (Tex.
Crim. App. 1999).  We overrule appellant’s sixth point of error.

In
his seventh point of error, appellant contends that the trial court allowed the
State to strike at him over the shoulders of counsel.  Appellant specifically
complains of the State’s final argument that discussed the State introducing
records at trial to support the case.  The State argued that the records “were
gotten by us, and why?  Because we knew the kind of slash and burn, trash
victim tactics that would be used by the defense.”  Appellant argued that the
victim was not telling the truth, that the State based its case upon bias and
prejudice, and that the State was “going to try to stir a bunch of smoking
mirrors.”  We find that the State’s final argument was an answer to the
argument of opposing counsel.  Id.  We overrule appellant’s seventh point
of error.

We
affirm the trial court’s judgment.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

July 29, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]The TRO is not part of the record before us.