**Cruz Armondo GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01119–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1999.

---

James Butler, Houston, for appellant.

John B. Holmes, Houston, Kimberly Aperauch Stelter, Houston, for appellee.

Panel consists of Justices MIRABAL, WILSON, and TAFT.

## OPINION ON MOTION
## FOR REHEARING

MIRABAL, J.

We overrule appellant's motion for rehearing, partially grant appellant's motion to publish, withdraw our opinion issued October 22, 1998, and substitute this opinion in its stead. We vacate, set aside, and annul our judgment of October 22, 1998.

A jury found appellant, Cruz Armondo Gomez, guilty of manslaughter and assessed punishment at two years confinement. We affirm.

In his first point of error, appellant asserts the trial court erred in denying his motion for a new trial due to jury misconduct, and subsequent judicial error. In his second point of error, appellant asserts he was denied his right to a fair trial, in violation of the United States and Texas constitutions, by the misconduct of the jury and the material judicial error that followed.

A new trial shall be granted an accused when the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. TEX.R.APP.P. 21.3(g). A movant for a new trial based on jury misconduct must prove that (1) the misconduct occurred and (2) the misconduct resulted in harm to the movant. *Garza v. State*, 630 S.W.2d 272, 274 (Tex.Crim.App.1981). The issue of whether jury misconduct took place is determined by the trial court. *Stowe v. State*, 745 S.W.2d 568, 569 (Tex.App.— Houston [1st Dist.] 1988, no pet.). The finding of the trial court that no jury misconduct occurred is binding on the reviewing court and will be reversed only where a clear abuse of discretion is shown. *Id.*

On September 4, 1996, Sharon Cook, official court reporter for the 263rd District Court, was riding in the elevator located in the Harris County Criminal Courts Building, when she heard two female passengers, who were wearing juror badges from the 232nd District Court– Judge Mary Lou Keel, discussing issues related to a criminal case. She could not remember the exact words of their conversation, but she did recall the two women discussing prior convictions and other mat-

ters.[1]  The next day, September 5, 1996, Cook informed the 232nd District Court about the conversation.  Later that day, the jury returned a verdict on appellant's punishment and was released by the court. Judge Keel then informed appellant's counsel that earlier in the day she had been informed by Cook that two jurors had been overheard discussing the case in an elevator.

Appellant filed a motion for new trial alleging jury misconduct.  In support of his motion, appellant attached two affidavits:  his trial attorney's and Cook's. Cook's affidavit stated:

> (3.) On September 5, 1996, I was one of several people in the public elevator located in the Harris County Criminal Courts Building located at 301 San Jacinto, Houston, Texas.  I clearly heard two (2) of the female passengers discussing issues related to a criminal case.  I do not recall the exact words of the two women, but I did hear the women discussing prior convictions and other matters related to a criminal case.  I clearly saw that both women were wearing juror badges from the 232nd District Court, Judge Mary Lou Keel.

> (4.) A short while later that same day, I informed Arlene Webb. Arlene Webb is the Official Court Reporter for the 232nd District Court.  When I told Arlene Webb what I had heard the two women discussing in the elevator, she said it did sound like the case which was currently in trial in the 232nd District Court—*The State of Texas vs. Cruz Armondo Gomez.*

Appellant's trial attorney's affidavit restated the information in Cook's affidavit. Appellant did not support his motion with testimony or affidavits from any of the jurors.

■ Article 36.22 of the Code of Criminal Procedure states:

No person shall be permitted to be with a jury while it is deliberating.  No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court.

TEX.CODE CRIM.P.ANN. art. 36.22 (Vernon 1981).  The purpose of article 36.22 is to prevent an outsider from saying something that might influence a juror.  *Ites v. State,* 923 S.W.2d 675, 677 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).  Therefore, when a juror communicates with an *unauthorized person* about the case at trial, there is a presumption that the defendant was injured.  *Quinn v. State,* 958 S.W.2d 395, 401 (Tex.Crim.App.1997).  This presumption is rebuttable, and a new trial is not required unless there has been injury to the accused.  *Alba v. State,* 905 S.W.2d 581, 587 (Tex.Crim.App.1995).

■ Appellant asserts the jury engaged in misconduct when two jurors discussed, with each other, elements of a case in a public forum.  Appellant relies on cases where a jury received outside evidence or where a third party spoke to a juror. Here, the jurors did not discuss evidence with anyone outside the jury nor has it been shown that the jurors discussed inadmissible or outside evidence.

In support of his motion for new trial, appellant relied on the solitary statement from Cook's affidavit stating that she could not remember the exact words of the jurors conversation, but she did recall the two jurors discussing "prior convictions and other matters."  Neither Cook nor appellant suggested the jurors were speaking to, or were spoken to by, Cook or anyone else in the elevator.  There is no evidence that the jurors communicated with an unauthorized person.  The facts merely indicate that, after deliberations had begun in the punishment phase, two jurors discussed the case without all the jurors present.  Although we do not condone the jurors' conduct, which contra-

1.  The record shows that the conversation on the elevator took place on the second day of jury deliberations on punishment in the present case.

vened explicit instructions from the judge, we can find no case holding that a trial court abused its discretion in denying a motion for new trial when two jurors discussed the case with each other on breaks. *Cf. Baley v. W/W Interests, Inc.,* 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (holding that any conversation regarding the case occurring between or among jurors is a part of jury deliberations regardless of the time and place where it occurs, even on lunch or coffee breaks before the "formal" deliberations have begun); *Wilson v. Texas Parks and Wildlife Dept.,* 853 S.W.2d 825, 831 (Tex.App.—Austin 1993), *rev'd on other grounds,* 886 S.W.2d 259 (Tex.1994) (holding discussion between two jurors in the men's room did not constitute jury misconduct).

Furthermore, there is no evidence that appellant's substantial rights were affected by the jurors' conversation. In the absence of a showing of harm, there is no reversible error. *Garza,* 630 S.W.2d at 274; TEX.R.APP.P. 44.2(b).

Appellant further complains that the trial court erred by waiting until after the jury had been dismissed to inform appellant of possible juror misconduct. We agree that the better procedure would have been for the trial judge to promptly inform the State and defense counsel of the possible jury misconduct so that the jurors could have been questioned before the end of trial. *See Robinson v. State,* 851 S.W.2d 216, 229 (Tex.Crim.App.1991). However, we conclude no reversible error has been shown. Appellant did not call any jurors as live witnesses in the hearing on his motion for new trial nor did he file any juror affidavits. There is no indication in the record that appellant's counsel even talked to any of the jurors after the trial. Appellant has failed to show his substantial rights were affected by the trial court's actions. TEX.R.APP.P. 44.2(b).

We overrule appellant's first and second points of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 47, and is thus ordered not published.

We affirm the judgment.