**Brad Lyle BOKEMEYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–10–00564–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 12, 2011.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Matthew J. Deluca, Tyler Ashley Flood, Tyler Flood & Associates, Inc., Houston, TX, for Appellant.

Marc Alden Brumberger, William J. Delmore III, Assistant District Attorney, Conroe, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted Brad Lyle Bokemeyer of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West 2003). The trial court assessed his punishment at 180 days' confinement, probated for one year, and a $1000 fine. On appeal, Bokemeyer contends that the trial court erred in denying his motion for mistrial on the ground that the prosecutor communicated with jurors in violation of article 36.22 of the Texas Code of Criminal Procedure.[1] *See* TEX.CODE CRIM. PROC. ANN. art. 36.22 (West 2006). We hold that the trial court did not abuse its discretion and therefore affirm.

## BACKGROUND

At trial, while the defense counsel cross-examined a state trooper who testified that he had stopped Bokemeyer, two jurors made audible comments disagreeing with the defense counsel's description of where the state trooper stood during the traffic stop. In response to these comments, the prosecutor, who was seated near the jury box, made a "thumbs up" gesture to the two jurors. The defense counsel objected to the communication between the jurors and the prosecutor. Subsequently, outside the jury's presence, the defense counsel moved for mistrial because the communication violated article 36.22 of the Texas Code of Criminal Procedure.

The prosecutor responded that he offered no evidence through his communication to the jury, and the trial court could remedy the situation with a curative instruction. The trial court admonished the prosecutor but denied the request for a mistrial, reasoning that the communication

---

1. The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas. Misc. Docket No. 10–9105 (Tex. July 16, 2010); *see* TEX. GOV'T CODE ANN. § 73.001 (West 2005) (authorizing transfer of cases).

did not jeopardize or prejudice Bokemeyer. The trial court instructed the jury:

Before lunch ... we were in the midst of testimony and a matter came up ... between the lawyers ... indicating ... that [the prosecutor] had spoken to the jury, which would not be proper. He indicated that he had not. What transpired, actually, was the jury accidentally spoke out. And I'm not fussing about that .... But [the prosecutor] apparently gave the two thumbs up in agreement. That is improper. I have admonished [the prosecutor] that I will not tolerate any communications between the lawyers and the jury, directly or indirectly. I realize some things happen in the heat of battle. I don't think it was something done maliciously with intent to try to harm, but it happened. And I will not tolerate that[,] and I have explained that to all of the attorneys in the case. Evidence only comes from that witness stand. It does not come from attorneys. What they say is not evidence. They ask questions. They make statements. They don't give you evidence. The evidence comes from the stand. You are the exclusive judges of the facts proved and of the credibility to be given to the testimony .... I have sternly admonished [the prosecutor] about his behavior, [and] and we're going to proceed.

## DISCUSSION

On appeal, Bokemeyer complains that the trial court should have granted his request for a mistrial.

### Standard of Review

■■■ We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App.2009). We view the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of its ruling. *Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App.2004). We uphold the ruling if it was within the zone of reasonable disagreement. *Id.*

### Mistrial

■■■ A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App.2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App.2000). A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App.1999). The particular facts of the case determine whether an error requires a mistrial. *Id.* Because a mistrial is an extreme remedy, a trial court should grant it "only when residual prejudice remains" after less drastic alternatives are explored. *Barnett v. State*, 161 S.W.3d 128, 134 (Tex.App.-Fort Worth 2005). "Less drastic alternatives include instructing the jury 'to consider as evidence only the testimony and exhibits admitted through witnesses on the stand,' and, questioning the jury 'about the extent of any prejudice,' if instructions alone do not sufficiently cure the problem." *Ocon*, 284 S.W.3d at 885 (quoting *Arizona v. Washington*, 434 U.S. 497, 521–22, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (White, J., dissenting)). Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant fails to request a lesser remedy, we will not reverse the court's judgment if the less drastic alternative could have cured the problem. *Ocon*, 284 S.W.3d at 885; *Young v. State*, 137 S.W.3d 65, 70 (Tex.Crim.App.2004); *see also Wood*, 18 S.W.3d at 648 (concluding that trial court did not abuse its discretion in denying defendant's motion for mistrial when de-

fendant had not requested less drastic remedy of continuance). We generally consider instructions to the jury to be sufficient to cure most improprieties that occur during a trial. *Gamboa v. State,* 296 S.W.3d 574, 580 (Tex.Crim.App.2009). And, we presume that a jury will follow the judge's instructions. *Id.; see also Colburn v. State,* 966 S.W.2d 511, 520 (Tex. Crim.App.1998) (jury presumed to disregard parole during deliberation when so instructed); *Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App.1988) (jury presumed to follow instruction to disregard testimony regarding defendant's post-*Miranda* silence); *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987) (jury presumed to follow instruction after accomplice witness alluded to defendant's previous incarceration).

### *Contact with Jurors*

■ A juror must make decisions at the guilt and punishment phases using information obtained in the courtroom: the law, the evidence, and the trial court's mandates. *Granados v. State,* 85 S.W.3d 217, 235 (Tex.Crim.App.2002). "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Tex.Code Crim. Proc. Ann. art. 36.22 (West 2006); *see also* Tex.R.App. P. 21.3(f) (providing that defendant must be granted new trial when juror has talked with anyone about case). The primary goal of article 36.22 is to insulate jurors from outside influence. *Chambliss v. State,* 647 S.W.2d 257, 266 (Tex.Crim.App.1983); *cf. Gomez v. State,* 991 S.W.2d 870, 872 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (holding that no violation of article 36.22 existed where two jurors discussed case with each other in public place). "Therefore, if a violation is shown, the effectiveness of possible remedies will be determined in part by whether the conversation influenced the juror." *Ocon,* 284 S.W.3d at 884.

■ When a juror converses with an unauthorized person about the case, "injury to the accused is presumed" and a new trial may be warranted. *Robinson v. State,* 851 S.W.2d 216, 230 (Tex.Crim.App. 1991). To invoke this presumption, the defendant must show the communication involved matters concerning the defendant's trial. *Chambliss,* 647 S.W.2d at 266. We presume harm even when the communication does not rise to the level of a full-blown conversation or discussion of the specifics of a given case. *McIntire v. State,* 698 S.W.2d 652, 659 (Tex.Crim.App. 1985). However, the State may rebut this presumption of harm by showing that the defendant has not been injured, i.e., "that the case was not discussed or that nothing prejudicial about the accused was said." *Green v. State,* 840 S.W.2d 394, 406 (Tex. Crim.App.1992); *compare Gates v. State,* 24 S.W.3d 439, 443 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that State rebutted presumption, when victim's son communicated with juror prior to his testimony at trial, because only new information son conveyed to juror was that he was witness in case), *with Ites v. State,* 923 S.W.2d 675, 676 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (reversing trial court's judgment because State failed to rebut presumption of harm when defendant's son ran in front of jurors saying that if he had to spend an hour with his father, he would kill himself; defendant was being tried for aggravated sexual assault of his daughter, and son had been sworn as witness). "If evidence is in the record that rebuts the presumption of harm, it should be considered, whether presented by the State or the defense." *Alexander v. State,* 919 S.W.2d 756, 767 (Tex.App.-Texarkana 1996, no pet.). When determining whether the State suffi-

ciently rebutted the presumption of harm, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's resolution of historical facts and its determinations concerning credibility and demeanor. *Quinn v. State*, 958 S.W.2d 395, 401–02 (Tex. Crim.App.1997).

### Analysis

■ Here, two jurors disagreed with the defense counsel about where the state trooper was standing during the traffic stop. It is undisputed that the prosecutor responded to the two jurors by giving them two thumbs up—a hand gesture indicating approval of their disagreement with the defense counsel. Thus, we conclude that the prosecutor made a statement in the jury's presence that pertained to Bokemeyer's trial without the permission of the court. *See McIntire*, 698 S.W.2d at 659 (holding that defendant put forth sufficient evidence to establish presumption of harm, where juror allegedly told unauthorized person that he was in certain judge's courtroom and nodded in response to unauthorized person's question about whether he was juror in defendant's case); *cf. Chambliss*, 647 S.W.2d at 266 (holding that no violation of article 36.22 would exist where unauthorized person reinforces juror's feelings simply by making eye contact). The prosecutor's conduct raises the presumption that the communication between the two jurors and the prosecutor harmed Bokemeyer. *See Robinson*, 851 S.W.2d at 230. A violation of article 36.22, however, does not automatically warrant a mistrial. *Moody v. State*, 827 S.W.2d 875, 899–900 (Tex.Crim.App.1992). The burden shifted to the State to rebut the presumption of harm. At the trial court, the State

contended that the jurors did not receive any information about the case through the prosecutor's communication with them, and that a curative instruction would remedy the situation. The trial court agreed.

We hold that the trial court did not abuse its discretion in denying Bokemeyer's request for a mistrial. On this record, the trial court reasonably could have concluded that the conduct did not establish an extreme circumstance warranting a mistrial. *See Hawkins*, 135 S.W.3d at 77. The two jurors did not gain any new information about the case from the communication with the prosecutor and did not respond to the prosecutor's hand gesture. No evidence exists that the gesture influenced the two jurors, or that any other jurors even saw the prosecutor make the gesture. *See Robinson*, 851 S.W.2d at 230 (trial court did not abuse discretion in denying mistrial when juror received evidence outside record but did not share it with other jurors and said information would not influence her in reaching verdict). Also, based on the record before us, the fact of where the trooper was standing appears from the record not to be significant to the decision as to whether or not Bokemeyer was driving while intoxicated, and counsel has not pointed out any special significance.[2] *See* TEX.R.APP. P. 44.2(b) ("Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). The trial court admonished the prosecutor and gave the jury a detailed curative instruction after the defense counsel brought the incident to its attention; no indication exists that the subsequent instruction failed to remedy the situation. *See Ocon*, 284 S.W.3d at 883, 887 (holding that no indication existed that curative in-

---

**2.** We note that Bokemeyer submitted only a small excerpt of the reporter's record of his trial. *See* TEX R.APP. P. 34.6(c)(4); *Diaz–Gal-*

*van v. State*, 942 S.W.2d 185, 186 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (citing former Rule 50(d)).

structions failed to remedy situation where juror had phone call in presence of another juror in which he described defendant as "bastard" and case as "dirty, disgusting"); *see also Gamboa*, 296 S.W.3d at 580 (jury presumed to follow instruction to disregard after family member of murder victim shouted in open court, "You did this for 200 dollars?").

### CONCLUSION

We hold that the trial court did not abuse its discretion in denying counsel's motion for a mistrial. We therefore affirm the judgment of the trial court.