Affirmed and Memorandum Opinion filed August 11, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00754-CR

___________________

 

Pedro Trejo, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 155th Judicial District Court

Waller County,
Texas



Trial Court Cause No. 04-06-11,756

 



 

 

MEMORANDUM OPINION

Appellant Pedro Trejo was indicted
for aggravated sexual assault of a child. See Tex. Penal Code Ann. §
22.021 (Vernon 2011).  A jury found him guilty as alleged in the indictment and
the trial court sentenced him to imprisonment for 16 years.  See id.
§ 12.32 (Vernon 2011).  We affirm.

BACKGROUND

Appellant’s sister and her family lived in a mobile
home on a portion of appellant’s property.  The complainant is appellant’s
niece, P.R.  P.R. told her mother that appellant sexually assaulted her in the
mobile home on five occasions in 2004.  P.R. was 12 years old when the assaults
occurred.   

P.R. testified at trial that appellant told her she
would “disappear” if she told anyone about the sexual assaults.  However, she informed
her mother of the sexual assaults after both learned that P.R. had been
pregnant and suffered a miscarriage.  Identigene Laboratory Director Laura Gahn
testified that appellant could not be excluded as a contributor of the DNA profile
taken from the fetal tissue recovered from the miscarriage, and that “[t]he
probability that [appellant] is the biological father compared to some
unrelated random person in the population . . . was calculated to be 99.9642
percent.” 

During trial, Jurors Vincent and Spedale complained
to the trial court that Juror McKnight was distracting other jurors with speech
and gestures that indicated an opinion about the evidence and arguments
presented.  Juror Vincent stated:

One of the ladies on the back row, she keeps saying
inappropriate things, talking about the case in a way that could influence
other jurors.  We have talked to her several times about this, and during . . .
the proceedings, the defense attorney was asking the witness something about
qualifications, and this juror on the back row said she doesn’t . . . have to
know that, or words to that effect.   

Juror Spedale stated:

Well, it’s a distraction to hear someone else continually
now right behind you when, you know, our sound is already an issue. . . .  I
don’t know the conditions of other people and . . . I am not hearing all the
words, and I will not look at that person, but I’m hearing the motion, and that
is not fair.  

In response to these
allegations, appellant’s trial counsel stated:

For the record, I would move to excuse [Juror McKnight],
and if not, I think I would have to be duty bound to voir[] dire each of the
fellow jurors that may have heard anything from this woman to protect my
client’s constitutional rights. 

The trial court dismissed
Juror McKnight, and appellant requested no further relief in the trial court
with respect to Juror McKnight’s own conduct.  

When the trial court informed Juror McKnight that she
was dismissed, Juror McKnight stated:

I hate being singled out when I, you know, maybe they
should be questioned, because they keep saying, well, I am just saying in
general, not anything about the case.  I am not involved in that conversation,
but they sat there at the table and say that, so I don’t know why that I happen
to be the one that got singled out of all of that.  And I haven’t even said
anything to them on that, but they were all certainly in there saying things
and saying, well, no, I am not asking about the case, and I know one lady that
has brought it up over and over and over.  No one said anything about her. . .
.  I have not said any more than what has been said at that table, in
generality talk, and I didn’t discuss it with them.  

Appellant moved for a
mistrial based on Juror McKnight’s statement regarding conduct by other jurors:

[TRIAL COUNSEL]: [Juror McKnight] announced to this Court .
. . that other people are talking about the case.  While I don’t know the
degree to which they are, I would move for a mistrial based on these jurors not
being able to follow their duties and obligations as jurors. 

The trial court denied
appellant’s motion for mistrial.  Appellant sought no further relief in the
trial court in connection with Juror McKnight’s statement that jurors were
discussing the case in violation of the trial court’s instructions.  

The jury found appellant guilty of aggravated sexual
assault of a child as alleged in the indictment.  See Tex. Penal Code
Ann. § 22.021.  The trial court sentenced appellant to imprisonment for 16
years.  See id. § 12.32.  

ANALYSIS

            Appellant argues
in his only issue on appeal that the trial court abused its discretion when it “denied
his motion for mistrial” because the jury was incurably “tainted” by Juror
McKnight’s alleged misconduct during trial.  We reject this contention because
appellant did not seek a mistrial on this basis in the trial court.

In order to obtain this relief on appeal, appellant
must demonstrate that he first requested this relief in the trial court.  See
Jackson v. State, 287 S.W.3d 346, 353 (Tex. App.—Houston [1st Dist.]
2009, no pet.).  Appellant did not move for mistrial on the ground that the
jury was incurably “tainted” by Juror McKnight’s conduct.  The trial court
granted all relief requested by appellant related to Juror McKnight’s conduct
when the trial court dismissed Juror McKnight.  Appellant asked to question
each juror individually only if the trial court denied appellant’s motion to
dismiss Juror McKnight; once the trial court granted the motion to dismiss,
appellant did not request further relief.  Therefore, appellant cannot obtain a
new trial on this basis on appeal.  See Jackson, 287 S.W.3d at
353 (Preserving error for appellate review requires that appellant show a
“‘timely, specific request that the trial court refuses.’”) (quoting Young
v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)).  We overrule
appellant’s issue as it relates to Juror McKnight’s conduct.

Appellant does not argue specifically on appeal, as
he did to the trial court, that he was entitled to a mistrial because of
discussions among other jurors during trial.  Even if we consider this
argument, we conclude that the trial court acted within its discretion when it
denied a mistrial.  

The jury was instructed: 

Do not discuss anything about this case or even mention it
to anyone whomsoever, including your spouse, nor permit anyone to mention it in
your hearing until you are discharged as jurors or excused from this case.  If
anyone attempts to discuss the case, please report it to me at once.  Do not
even discuss this case among yourself until after you have heard all of the
evidence, the Court’s charge, the attorney’s arguments and until I have sent
you to the jury room to consider your verdict.  

Assuming that Juror McKnight’s
statement to the trial court can be construed as an allegation that the other
jurors discussed the case among themselves in violation of the trial court’s
instruction, reversal is not warranted.

            A mistrial is an
appropriate remedy in extreme circumstances for a “narrow class of highly
prejudicial and incurable errors” where the error is so prejudicial that the
“expenditure of further time and expense would be wasteful and futile.”  Ocon,
284 S.W.3d 880, 884 (Tex. Crim. App. 2009); see Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999).  We review a trial court’s denial of a motion
for mistrial for abuse of discretion and will uphold a trial court’s ruling if
it was within the zone of reasonable disagreement.  Ocon, 284 S.W.3d at
884.  We view the evidence in the light most favorable to the trial court’s
ruling, considering the particular facts of the case and only those arguments
before the court at the time of the ruling.  Id. at 884; see Ladd,
3 S.W.3d at 567.

            “Because it is an
extreme remedy, a mistrial should be granted ‘only when residual prejudice
remains’ after less drastic alternatives are explored.”  Ocon, 284
S.W.3d at 884-85 (quoting Barnett v. State, 161 S.W.3d 128, 134 (Tex.
Crim. App. 2005)); see Jackson, 287 S.W.3d at 353-54.  “Less
drastic alternatives include instructing the jury ‘to consider as evidence only
the testimony and exhibits admitted through witnesses on the stand,’ and,
questioning the jury ‘about the extent of any prejudice,’ if instructions alone
do not sufficiently cure the problem.”  Ocon, 284 S.W.3d at 885 (quoting
Arizona v. Washington, 434 U.S. 497, 521-22 (1978)); see also Jackson,
287 S.W.3d at 353-54. Although requesting a less drastic remedy is not
prerequisite to a motion for mistrial, “when the movant does not first request
a lesser remedy, we will not reverse the court’s judgment if the problem could
have been cured by the less drastic alternative.”  Ocon, 284 S.W.3d at
885; see also Jackson, 287 S.W.3d at 353-54.  

            Appellant bears the
burden of establishing juror misconduct.  Hughes v. State, 24 S.W.3d 833,
842 (Tex. Crim. App. 2000).  Appellant did not request an inquiry to determine
whether a violation of trial court instructions had occurred; appellant did not
request an instruction to remind the jurors of the trial court’s previous
instructions or to resolve any prejudice resulting from the alleged violation. 
Even if the jurors violated the trial court’s instructions and such violation
constituted juror misconduct,[1]
this record does not support the conclusion that a less drastic remedy, such as
a jury instruction or an inquiry to determine the existence and extent of any
prejudice, would not have cured the asserted prejudice in this case.  See
Ocon, 284 S.W.3d at 885; Jackson, 287 S.W.3d at 353-54.  The alleged
violation was not the kind of error that falls in the “narrow class of highly
prejudicial . . . errors” that could be cured only by the extreme remedy of a
mistrial.  See Ocon, 284 S.W.3d at 884-85, 887.  Therefore, the
trial court did not abuse its discretion in denying appellant’s motion for
mistrial.  See id. at 884.  We overrule appellant’s issue as it relates
to his argument to the trial court that the remaining jurors violated the trial
court’s instructions not to discuss the case among themselves.

CONCLUSION

            Having overruled
appellant’s only issue on appeal, we affirm the judgment of the trial court.

                                                                                    

                                                            /s/        William
J. Boyce

                                                                        Justice

 

 

 

Panel consists of Chief
Justice Hedges, Justice Seymore, and Justice Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] We need not decide
whether the alleged juror discussion as described rises to the level of juror
misconduct.  Cf. Noland v. State, 264 S.W.3d 144, 153-54 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d) (not abuse of discretion to deny
motion for new trial based on allegation that two jurors discussed the evidence
and contemporaneous impressions about that evidence during break in trial;
citing civil case in which court of appeals held juror discussion among
themselves did not constitute juror misconduct); Gomez v. State, 991
S.W.2d 870, 872–73 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (affirming
trial court’s denial of motion for new trial based on allegation that two
jurors discussed case in elevator; “[W]e can find no case holding that a trial
court abused its discretion in denying a motion for new trial when two jurors
discussed the case with each other on breaks.”).