# NO. 12-14-00068-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD DEE VAN ZANDT,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ronald Dee Van Zandt appeals his convictions for continuous sexual abuse of a young child, indecency with a child by exposure, indecency with a child by contact, and two counts of sexual assault of a child. Appellant raises two issues challenging the factual sufficiency of the evidence and the trial court's denial of his motions for mistrial. We reverse the judgment of conviction for continuous sexual abuse of a young child and render a judgment of acquittal on that charge. We affirm the remaining convictions.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a young child, indecency with a child by exposure, two counts of indecency with a child by contact, and two counts of sexual assault of a child. He pleaded "not guilty" to all six counts, and the matter proceeded to a jury trial.

Ultimately, the jury found Appellant "guilty" on five of the six counts, found him "not guilty" on one count of indecency with a child by contact, and assessed his punishment at imprisonment for forty, ten, twenty, twenty, and twenty years, respectively. This appeal followed.

In his first issue, Appellant argues that the evidence is factually insufficient to support his convictions.

## Standard of Review

In October 2010, the court of criminal appeals held that there is "no meaningful distinction" between the factual sufficiency standard established by *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996), and the legal sufficiency standard established by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The court further held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). Consequently, the court of criminal appeals overruled the factual sufficiency standard of review as set forth in *Clewis* and its progeny. *See id.*

Here, Appellant makes no argument that the evidence to support his conviction is insufficient under the *Jackson v. Virginia*[1] standard. However, we review any legal or factual sufficiency challenge concerning the elements of a criminal offense under that standard. *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st] 2010, pet. ref'd).

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Circumstantial evidence is as probative as direct

---

[1] 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560.

evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**The Complainant's Testimony**

At trial, Appellant's son testified that he and Appellant moved into a house during the summer when he was thirteen years old. For about a month, they slept together on an air mattress in the dining room because there was no electricity and it was cooler there than in other parts of the house. Then they got a regular mattress and continued to sleep together on it in the dining room. One morning when the complainant awoke, he found that his underwear had been removed and Appellant was rubbing his genitals. Appellant asked the complainant if he wanted him to do this, and he continued for about ten minutes. The complainant was thirteen years old at that time.

Eventually, it became routine for the complainant to wake up to Appellant's rubbing his genitals until he climaxed. The complainant stated that he could not remember every instance of Appellant's abuse, but he remembered certain incidents. In one incident, the complainant woke up on the couch with Appellant fondling him. Appellant was also rubbing his own genitals on the complainant's "butt" and stopped when the complainant said "ow." The complainant testified that there were about six or seven incidents of abuse between the first incident and that one.

In another incident, the complainant was sitting on the couch and Appellant performed oral sex on him. Finally, the complainant testified that the last incident began while he was getting out of the shower. Appellant walked in naked and followed him to his bedroom. The complainant told Appellant to leave. Appellant left but then returned, still naked, and began touching and "playing" with him again. This incident occurred about two months before the complainant moved out of Appellant's home. At that time, the complainant was sixteen years old.

**Indecency with a Child and Sexual Assault of a Child**

To satisfy the elements of indecency with a child by exposure, the State was required to prove that Appellant, with intent to arouse or gratify his sexual desire, exposed his genitals knowing that a child younger than seventeen years of age was present. *See id.* § 21.11(a)(2)(A) (West 2011). To satisfy the elements of indecency with a child by contact, the State was required to prove that Appellant engaged in sexual contact with a child younger than seventeen years of age. *See id.* § 21.11(a)(1) (West 2011). To satisfy the elements of sexual assault of a

3

child, the State was required to prove that Appellant intentionally or knowingly caused a child's sexual organ to contact his mouth, and intentionally or knowingly caused a child's anus to contact his sexual organ. *See id.* § 22.011(a)(2) (West 2011).

Appellant argues that the evidence is insufficient to establish his guilt beyond a reasonable doubt because there is no physical evidence and the only evidence offered to support the convictions is the complainant's testimony. However, a complainant's testimony alone is sufficient to support convictions for indecency with a child and sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07.

Appellant further contends that there is no evidence in the record to support the allegations of penetration in the indictment. The indictment, however, alleges contact, not penetration. To find Appellant guilty of the second count of sexual assault, the jury had to find that he caused the complainant's anus to contact his sexual organ. The complainant testified that Appellant had his penis on the complainant's "butt." He stated that at first Appellant was rubbing him, but the complainant said "ow" because it hurt, and Appellant stopped. This evidence is sufficient to support the charge of sexual assault by causing a child's anus to contact Appellant's sexual organ.

We conclude that the complainant's testimony is sufficient to support Appellant's convictions for indecency with a child by contact, indecency with a child by exposure, and both sexual assault charges. Accordingly, we overrule Appellant's first issue regarding those convictions.

## Continuous Sexual Abuse of a Young Child

To satisfy the elements of continuous sexual abuse of a young child, the State was required to prove that, during a period of thirty days or more, Appellant committed two or more acts of sexual abuse, and that, at the time of the acts, Appellant was seventeen years of age or older, and the complainant was younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). The statute creating the offense of continuous sexual abuse of a young child became effective September 1, 2007. *Id.* § 21.02; Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148. Thus, to find Appellant guilty of continuous sexual abuse of a young child, the jury had to find that he committed two or more acts of sexual abuse against the complainant, over a period of thirty days or more, between September 1, 2007 and Appellant's fourteenth birthday, December 7, 2007.

4

Based on the complainant's testimony regarding the first incident, the jury could conclude only that the incident occurred sometime between August 2007 and December 7, 2007. Thus, the jury could not conclude beyond a reasonable doubt that it occurred within the required time period.

Nor could the jury conclude beyond a reasonable doubt that any of the other incidents occurred within the required time period. In its closing argument, the State argued that the complainant testified there were about six or seven incidents between the first incident and the complainant's fourteenth birthday. If this had been the testimony, the jury would have been justified in finding Appellant guilty.

Actually, the complainant testified that there were about six or seven incidents between the first one and the one in which Appellant was behind him on the couch. And it was also in the context of that incident on the couch that the complainant testified the abuse had become routine. However, based on the record, we can conclude only that the time of that incident was sometime between November 2007 and the summer of 2010.

When asked whether there was ever a time during those three years of living with Appellant that the abuse stopped, the complainant responded, "It would just sporadically happen." We have searched the record and found no evidence that any of the acts of sexual abuse necessarily occurred during the required time period. We therefore conclude that the jury was not rationally justified in finding Appellant guilty of continuous sexual abuse of a young child beyond a reasonable doubt. Accordingly, we sustain Appellant's first issue regarding the continuous sexual abuse conviction.

<u>**DENIAL OF MOTIONS FOR MISTRIAL**</u>

In his second issue, Appellant complains that the trial court abused its discretion when it denied his three motions for mistrial.

<u>**Standard of Review and Applicable Law**</u>

"A trial judge's denial of a motion for mistrial is reviewed under an abuse of discretion standard, and his ruling must be upheld if it was within the zone of reasonable disagreement." *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)

(quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77.

**Juror Note Taking**

Appellant first complains of the trial court's denial of his motion for mistrial based on a juror's taking notes during the trial. When the jury was brought in on the second day of trial, the State asked for a bench conference, after which the trial court admonished the jury not to take notes during the remainder of the testimony. The trial court then recessed the jury and asked one juror to remain behind. The juror stated that he had taken some notes but had not shared them with anyone or used them in any manner. The trial court took the notes, and the juror stated that he would not take any more.

Juror note taking is not prohibited in Texas. *Williams v. State*, 893 S.W.2d 549, 550 (Tex. Crim. App. 1995). Appellant claims that the trial court's admonishment to the jury on note taking was inadequate, but he does not explain how the note taking prejudiced his defense. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial based on the juror's note taking. *See id.*; *Hawkins*, 135 S.W.3d at 77. Accordingly, we overrule Appellant's second issue as it relates to juror note taking.

**Juror Knowledge of Complainant**

Next, Appellant complains of the trial court's denial of his motion for mistrial based on a juror's realization after being seated that she knew the complainant. During voir dire, the State showed the venire panel a list of witnesses and asked if they knew anyone on the list. The State informed the panel that the complainant's real name was not on the list in order to protect his identity. The jurors first heard the complainant's real name during the State's opening statement. During the morning recess on the second day of trial, one of the jurors informed the bailiff that she might know the complainant in the case. The trial court had the juror brought in and questioned on the record. The juror stated that she had seen a young man walking into the courthouse that morning and recognized his face as someone from her church. She said hello to him and asked his name. He told her his first name, which was the same as the complainant's.

The trial court asked the juror if there was anything about her possible relationship to the complainant that could impact her ability to be a fair and impartial juror. She said there was not. The State asked the juror if she would have a tendency to believe the complainant more because

6

she knew him. The juror stated that she did not really know him, but knew his mother (apparently a foster parent of the complainant) because they had attended a couple of the same church functions. When defense counsel asked the juror if she would give more weight to what the complainant said because she knows him and his mother, she replied, "No, sir, because everyone is innocent until proven guilty."

Defense counsel then moved the trial court for a mistrial, arguing that if the juror had answered affirmatively to his voir dire question of whether anyone knew the complainant, he would have been able to more intelligently exercise his peremptory challenges and challenges for cause. The trial court denied the motion and asked counsel if he would like the juror excused. He said that he would, and the juror was excused without objection by the State.

When a juror withholds material information during the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. *See Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995) (per curiam). The court of criminal appeals addressed a situation similar to the one here in *Decker v. State*, 717 S.W.2d 903 (Tex. Crim. App. 1983). In *Decker*, after the jury had been selected and sworn, a juror recognized the complainant as a coworker. *See id.* at 906. The defendant moved for a mistrial and for a new juror to be selected, arguing that if he had known about the relationship, he would have peremptorily struck the juror. *See id.* at 905. The trial court overruled the motion and refused to allow the defendant to peremptorily strike the juror. *See id.* at 905-06. The court of criminal appeals noted that the record showed the juror had not intentionally given false information during the voir dire examination, but realized that he knew the complainant only after seeing him. *See id.* at 907. In addition, the court found that the undisclosed information was not material in that the juror's relationship with the complainant was only as a work acquaintance, and the two men had never socialized together or had any type of friendship. *Id.* Thus, the court concluded that the trial court did not err because there was no showing that the defendant was deprived of an impartial jury or denied a fair trial in any way. *See id.* at 907-08.

Here, the juror did not know the complainant's name until after she was impaneled on the jury. Therefore, she could not have intentionally withheld that she knew the complainant during voir dire. The juror came forward the same morning that she discovered she might know the complainant after seeing him in the courthouse. Moreover, the record shows that the juror did

7

not have a personal relationship with the complainant. She merely recognized his face from church and did not even know his name. The juror also affirmed that she could be fair and impartial and that nothing about knowing the complainant or his mother would cause her to give more weight to the complainant's testimony. Furthermore, the trial court excused the juror at Appellant's request.

Under these circumstances, where the record does not show that the juror intentionally withheld material information, and the juror was excused from service, Appellant has failed to show that he was deprived of an impartial jury or denied a fair trial. *See id.* at 907-08. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial based on a juror's knowledge of the complainant. Accordingly, we overrule Appellant's second issue as it relates to the juror's knowledge of the complainant.

**Jurors Discussing Case**

Next, Appellant complains of the trial court's denial of his motion for mistrial based on an allegation of jurors discussing the case on a lunch break from trial. After the jury was sworn, the trial court admonished them not to discuss the case among themselves until they heard all the evidence. On the afternoon of the second day of trial, the bailiff told the trial court on record that she overheard a conversation at lunch between about four of the jurors. She stated that one juror had asked if it was a brother they had just heard, and another replied that it was. Another juror then asked how many they had heard so far. The bailiff went to their table and advised the jurors not to talk about anything regarding the case, and the conversation ended.

Defense counsel questioned the bailiff and moved for a mistrial, arguing that the conversation the bailiff heard could be the "tip of the iceberg" and that the situation was incurable. The trial court denied the motion, but admonished the jury again upon their return to discuss absolutely nothing about the case with anyone.

No person may converse with a juror about the case on trial except in the presence and by permission of the trial court. TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006). The purpose of Article 36.22 is to prevent an outsider from saying something that might influence a juror. *Ites v. State*, 923 S.W.2d 675, 677 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

In support of his motion for new trial, Appellant relied on the two questions about who had testified thus far in the case, and the potential that other discussions might have taken place. The bailiff stated that she and the jurors had been in the restaurant for only a few minutes when

8

she heard the discussion and that she had not heard any other conversation about the case. The jurors were not questioned about the discussion. There was no allegation that any person outside the jury was involved.

Appellant notes that the jurors' conduct violated the trial court's order against discussing the case and argues that the conduct warranted a mistrial. But he does not explain how their conduct prejudiced his defense. We conclude that the trial court did not abuse its discretion by denying the motion for mistrial based on the jurors' discussion. *See Hawkins*, 135 S.W.3d at 77; *Gomez v. State*, 991 S.W.2d 870, 873 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (no reversible error where two jurors were overheard discussing case). Accordingly, we overrule Appellant's second issue as it relates to jurors discussing the case.

## Cumulation of Juror Misconduct

Finally, Appellant argues that even if none of the individual instances of juror misconduct warranted a mistrial, the cumulation of the instances did. However, Appellant did not seek a mistrial on this basis in the trial court. Preserving error for appellate review requires an appellant to make a timely, specific request that the trial court refuses. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Accordingly, we overrule Appellant's second issue as it relates to the cumulation of juror misconduct.

## DISPOSITION

We have sustained the portion of Appellant's first issue relating to his conviction for continuous sexual abuse of a young child. Accordingly, we *reverse* the judgment of the trial court on that conviction and *render* a judgment of acquittal. Having overruled Appellant's first issue relating to his other convictions, and his second issue, we *affirm* the remainder of the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 13, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 13, 2015

NO. 12-14-00068-CR

**RONALD DEE VAN ZANDT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31363)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in a portion of the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment of conviction for **continuous sexual abuse of a young child** be **reversed** and a judgment of **acquittal** be, and the same is, hereby entered herein in accordance with the opinion of this court. In all other respects, it is ORDERED, ADJUDGED, and DECREED by this court that the judgment of the trial court be, and hereby is, **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*