Joseph Daniel **MOORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–07–00243–CR.

Court of Appeals of Texas, Beaumont.

Submitted on July 28, 2008.

Decided Jan. 7, 2009.

Douglas M. Barlow, Beaumont, TX, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, TX, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Joseph Daniel Moore appeals his conviction for arson. On appeal, Moore argues that the trial court erred by excluding evidence and by commenting on evidence in the jury's presence during the punishment phase of his trial. We affirm.

## Background

The State asserted that Moore burned down his ex-wife's residence and indicted him for arson. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 976, § 1, 2001 Tex. Gen. Laws 2138, 2138–39 (current version at TEX. PEN.CODE ANN. 28.02(a)(2) (Vernon Supp.2008)). The indictment also asserted that Moore had previously been convicted of multiple prior crimes to make him subject to punishment as an habitual felon. Moore pled "not guilty" to the offense and "untrue" to the paragraphs of the indictment alleging prior crimes. The jury found Moore guilty of the offense and answered "true" on the issue related to Moore's prior crimes. Based on the jury's verdict, the trial court sentenced Moore to thirty-five years of confinement in the Texas Department of Criminal Justice, Institutional Division.

Moore raises two issues in his appeal. In issue one, Moore complains that the trial court erred in excluding his girlfriend's testimony about a conversation between his mother and his aunt. In issue two, Moore complains that the trial court's

questioning of a fingerprint expert constituted a comment on the evidence.

## Analysis

### Exclusion of Testimony

■ Moore argues that the trial court erred by preventing Moore's girlfriend from testifying about a telephone conversation between his mother and his aunt that had been relayed to her. The record reflects that when Moore attempted to elicit testimony about this conversation, the State lodged a hearsay objection. Moore told the trial court that the testimony was not going to be offered to prove the truth of the substance of the conversation, but rather to demonstrate that Moore "took certain conduct or conducted himself in a certain way, having received the information." The trial court sustained the State's hearsay objection. Following the trial court's ruling, the record reflects that Moore neither made an offer of proof nor a bill of exception setting forth the substance of the testimony. *See* TEX.R. EVID. 103(a)(2); TEX.R.APP. P. 33.2.

■ To preserve error regarding a trial court's exclusion of evidence, a party must have actually attempted to introduce the evidence during trial, and the trial court must have excluded the evidence. *See* TEX.R. EVID. 103(a)(2); TEX.R.APP. P. 33.2; *Basham v. State*, 608 S.W.2d 677, 679 (Tex.Crim.App.1980); *Ites v. State*, 923 S.W.2d 675, 678 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). The proponent of the evidence must have made the substance of the offered evidence known to the court through either a bill of exception or offer of proof, unless the substance of

the evidence is apparent from the context in which the evidence was offered. *See* TEX.R. EVID. 103(a)(2); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex.Crim.App.1999) ("Error in the exclusion of evidence may not be urged unless the proponent perfected an offer of proof or a bill of exceptions."). Failure to present a particular argument to the trial court in support of the admission of excluded evidence waives that argument for appeal. *See Reyna v. State*, 168 S.W.3d 173, 176–79 (Tex.Crim.App.2005); *Rodriguez v. State*, 749 S.W.2d 576, 578 (Tex.App.-Corpus Christi 1988, pet. ref'd). We have reviewed the record; Moore made no attempt to introduce the evidence that he claims that the trial court improperly excluded. Absent an offer of proof or a bill of exception setting forth the evidence Moore sought to introduce, nothing is presented for our review on appeal. Accordingly, we overrule Moore's first issue.

### Questions by Trial Court

■ In his second issue, Moore asserts that the trial court commented on the weight of the evidence when it "expressly stated to the jury [its] opinion concerning the punishment evidence and [its] evaluation of that evidence." *See* TEX.CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979).[1] During the punishment phase of the trial, the State called a fingerprint expert to show that Moore was the person previously convicted of the felonies alleged in the indictment. After the attorneys for the State and the defendant passed the witness, the trial court asked:

---

1. Article 38.05 of the Texas Code of Criminal Procedure provides that:
   In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

THE COURT: I just want to ask one thing. The—it's my understanding the summary of your testimony was you've taken the fingerprints from the defendant and those fingerprints match with the fingerprints that are found on State's Exhibits 39 and 40, which represent prior convictions of the defendant?

THE WITNESS: That's correct.

THE COURT: In your expertise as fingerprint examiner, can you tell us conclusively that those fingerprints are the defendant's that are found on those exhibits and to the exclusion of any other person in the world?

THE WITNESS: Yes, sir, I can.

THE COURT: And what is your conclusion to that?

THE WITNESS: These fingerprints were made by one [and] the same individual, that being the defendant.

THE COURT: All right. Anything you would like to ask to follow-up on that, [Defense Counsel]?

[DEFENSE COUNSEL]: No, Your Honor.

THE COURT: All right. Thank you.

(Witness Exits)

The State responds that in this exchange the trial court did nothing more than ask questions for clarification, and that at no time did the court ever express an opinion about any of the evidence.

■ Moore did not object to the trial court's questioning of the witness. Generally, a defendant must make a timely, specific objection at trial or he forfeits his complaint on appeal. *See* Tex.R.App. P. 33.1(a)(1)(A). The contemporaneous objection requirement encompasses a complaint about a trial court's remarks that amount to a comment on the weight and credibility of the evidence. *See Peavey v. State*, 248 S.W.3d 455, 470 (Tex.App.-Austin 2008, pet. ref'd); *Ganther v. State*, 187 S.W.3d 641, 650 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd); *Martinez v. State*, 147 S.W.3d 412, 419 (Tex.App.-Tyler 2004, pet. ref'd); *Stubbs v. State*, No. 09-03-214-CR, 2004 WL 2248063, *2-3, 2004 Tex. App. LEXIS 8916, at *7 (Tex.App.-Beaumont Oct. 6, 2004, no pet.) (not designated for publication); *Moore v. State*, 907 S.W.2d 918, 923 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd).

In a plurality opinion, the Court of Criminal Appeals recognized that a trial court's comments "which tainted [the defendant's] presumption of innocence ... were fundamental error of constitutional dimension and required no objection." *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim.App.2000). Since deciding *Blue*, the Court of Criminal Appeals has clarified the types of statements that trial courts can make without violating *Blue. See Jasper v. State*, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001). In *Jasper*, the Court recognized a trial court's comments made to correct a misstatement or misrepresentation of previously admitted testimony, to maintain control and expedite the trial, or to clear up a point of confusion, as well as comments revealing irritation at counsel, do not rise to the level of fundamental error unless the comments bear upon the presumption of innocence or vitiate the impartiality of the jury. *Id.*

■ Moore asserts that the questions posed by the trial court to the fingerprint expert deprived him of a fair and impartial trial. We disagree. A trial court may question a witness for the purpose of clarifying an issue. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Crim.App.1978). The trial court's questions occurred during the punishment phase of the case and clarified whether the fingerprint analysis had a potential for misidentification. Unlike *Blue*, the trial court's questioning in this case occurred during the punishment

phase, after the jury had found Moore guilty. *Cf. Blue*, 41 S.W.3d at 130–32. In light of the jury's guilt finding, the concern created by the presumption of innocence was not a factor at this phase of Moore's trial. *See generally Jasper*, 61 S.W.3d at 421.

We conclude that the trial court's questions of the fingerprint expert do not implicate the doctrine of fundamental error as expressed in *Blue*. Thus, in the absence of an objection, Moore's complaint, asserting that the questions constitute a comment on the evidence, was waived. *See* Tex.R.App. P. 33.1. We overrule Moore's second issue and affirm the trial court's judgment.

AFFIRMED.