In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00618-CR
_____

VICTORIA RAYE DOZIER A/K/A VICRORIA RAYE BARNETT,
Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 10-09291

MEMORANDUM OPINION

The State indicted Victoria Raye Dozier[1] for murdering Joseph Raymond Barton. Dozier pled not guilty and claimed that she had acted in self-defense. The jury found Dozier guilty of murder and sentenced her to fifteen years' imprisonment.

_____

[1]Dozier is also known as Vicroria Raye Barnett.

1

Dozier raises six issues in her appeal. In her first four issues, Dozier complains about various comments the trial court made in the jury's presence. In issue five, Dozier complains that the trial court, outside the jury's presence, told Dozier to compose herself and not to "be weeping in front of the jury." Issue six concerns the trial court's exclusion of evidence regarding the significance of one of Joseph's tattoos.

Dozier failed to lodge objections to the various comments she now seeks to complain about on appeal. Generally, trial counsel is required to preserve error during the trial to obtain a review of the complaint on appeal, even if the claimed error is "'incurable' or 'constitutional.'" *See Haro v. State*, 371 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)); *see also* Tex. R. App. P. 33.1(a) (requiring the record to show that the complaint at issue was made known to the trial court through a timely request, objection or motion to preserve error). However, there are some types of complaints, categorized as fundamental error, which may be raised as error on appeal even in the absence of having brought the complaint to the trial court's attention during trial.[2] Nevertheless, the Court of Criminal Appeals

---

[2]*See* Tex. R. Evid. 103(d) (authorizing appellate courts to take notice of fundamental errors affecting substantial rights which have not been preserved for appeal); *Arizona v. Fulminante*, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113

has not definitively resolved whether the types of miscellaneous comments at issue in Dozier's case rise to a level of fundamental error. *See Haro*, 371 S.W.3d at 265. Given the ambiguity regarding whether objections were required to preserve error with respect to the comments at issue, we will assume, without deciding, that Dozier's complaints are reviewable and determine whether the alleged errors caused egregious harm.

In her first four issues, Dozier complains about several comments the trial court made while the jury was present. One of her complaints concerns comments the trial court made to clarify a question Dozier's attorney asked a witness about whether a photograph depicted bruises to the right or left side of Dozier's body. Another of Dozier's arguments is critical of the trial court's discussion with her attorney about the relevance of the meaning of one of Joseph's tattoos to the issues in dispute. Dozier also argues the trial court erred when it clarified, in the jury's presence, that it had not paid an expert to testify, but rather approved reimbursements for experts when requested.

---

L.Ed.2d 302 (1991) (noting that fundamental error occurs when certain constitutional rights are violated, such as the right to counsel, the right to an impartial judge, the right for there not to be unlawful exclusion of members of the defendant's race from the grand jury, the right to represent oneself at trial, or the right to a public trial).

Generally, judges are prohibited from commenting on the weight of the evidence in the jury's presence. Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979) (providing that "the judge shall not discuss or comment upon the weight of the [evidence] or its bearing in the case, but shall simply decide whether or not it is admissible"). Although comments by a trial court on the weight of the evidence are prohibited by the Code of Criminal Procedure, the record shows that Dozier failed to object to any of the comments at issue, and that she failed to object on the basis that any specific comment was a comment on the weight of the evidence. Generally, to preserve error, a defendant must make a timely and specific objection, motion or request that is sufficient to make the trial court aware of the matter at issue. *See* Tex. R. App. P. 33.1(a); *Moore v. State*, 275 S.W.3d 633, 636 (Tex. App.—Beaumont 2009, no pet.) (noting that the contemporaneous objection requirement encompasses a complaint about a trial court's remarks that amount to a comment on the evidence); *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (noting that absent an objection to the trial court's comments, a defendant waives error unless the error is fundamental).

When complaints of error are not preserved by objection or other means of preserving error, the error is considered to have been waived unless it is fundamental, meaning that the error creates egregious harm. *See Villareal v. State*,

4

116 S.W.3d 74, 85 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Egregious harm is such harm that a defendant is deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see also Jasper v. State*, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001) (concluding that in the absence of an objection to the trial court's comment, complaint about the comment at issue was waived).

Because Dozier did not lodge timely objections, with the possible exception of her claim of fundamental error, her complaints were waived. *See* Tex. R. App. P. 33.1(a); *Moore*, 275 S.W.3d at 636. Nevertheless, after reviewing the record for fundamental error, in our opinion, the comments and the rulings at issue did not affect Dozier's substantial rights. Specifically, none of the comments at issue implied that Dozier was guilty of the murder. *Compare Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.) (finding fundamental error where trial court's comments expressed its view about the defendant's guilt), *with Jasper*, 61 S.W.3d at 421 (finding no fundamental error where trial court's comments were made to clear up a point of confusion). Because the comments at issue did not implicate an opinion about Dozier's guilt, Dozier has not demonstrated that the trial court's comments constitute fundamental error or that she was deprived of a fair trial. We overrule issues one through four.

In issue five, Dozier complains the trial court instructed her, outside the jury's presence, to compose herself and not to weep in the presence of the jury. Generally, trial courts have the discretion to prevent a party or witness from disrupting the proceedings. *See* Tex. Gov't Code Ann. § 21.001(b) (West 2004) (requiring trial courts to conduct proceedings with dignity and in an orderly and expeditious manner). Even if we assume the trial court's request that Dozier regain her composure was outside the boundaries of exercising proper control of the proceedings, a view that we do not adopt, Dozier failed to object that the trial court's request was improper. In the absence of a timely objection, Dozier's complaint about the trial court's instruction to Dozier was not preserved. *See* Tex. R. App. P. 33.1(a); *Abrego v. State*, 977 S.W.2d 835, 837 (Tex. App.—Fort Worth 1998, pet. ref'd) (failing to object, defendant waived complaint that trial court had instructed him not to cry during his counsel's closing argument). We overrule issue five.

In issue six, Dozier complains the trial court erred by excluding evidence about the significance of Joseph's tattoo. According to Dozier, evidence about the meaning of Joseph's tattoo was relevant because the tattoo indicated that he had a violent past, making it reasonable for her to fear him. When Dozier attempted to question the State's expert, Dr. Tommy Brown, about the significance of Joseph's

tattoo, the State objected that the evidence was not relevant. The trial court excluded the question about the meaning of the tattoo, ruling that evidence regarding its meaning would not be relevant.

The State contends that Dozier's complaint about the question regarding the tattoo was not preserved because Dozier failed to show what Dr. Brown's testimony would have been. Even if the trial court was aware of the general nature of Dr. Brown's likely testimony from the context of the discussion about the evidence, Dozier would still be required to show that excluding testimony about the meaning of the tattoo was harmful before we would consider reversing her conviction. *See* Tex. R. Evid. 103(a)(2).

Here, Dozier argues that testimony about the meaning of Joseph's tattoo showed that Joseph had a violent character and that it was reasonable for her to fear him. "A defendant in a homicide prosecution who raises the issue of self-defense may introduce evidence of the victim's violent character." *Smith v. State*, 355 S.W.3d 138, 150 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see also* Tex. R. Evid. 404(a)(2). "This evidence may consist of opinion or reputation testimony to prove the victim acted in conformity with his violent nature." *Smith*, 355 S.W.3d at 150. "It may also include proof of specific, violent acts of misconduct to show the reasonableness of the defendant's fear of danger, or to

7

show that the victim was the first aggressor." *Id.* (citing *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002)).

"Exclusion of evidence does not result in reversible error unless the exclusion affects a substantial right of the defendant." *Id.* at 151; *see also* Tex. R. App. P. 44.2(b). "'Substantial rights are affected when the error has a substantial and injurious effect or influence in determining the jury's verdict.'" *Walters v. State*, 247 S.W.3d 204, 218 (Tex. Crim. App. 2007) (citing *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001)). In deciding whether a defendant's substantial rights were affected by a trial court's exclusion of relevant testimony, we review everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and evaluate how the excluded evidence should be considered in connection with other evidence in the case. *Smith*, 355 S.W.3d at 151.

While Dozier complains on appeal that excluding testimony about the meaning of the tattoo prevented her from presenting her defense, Dozier testified during the trial that Joseph told her about the meaning of his tattoo and she testified about what he told her. There was also other evidence at trial that Dozier was a violent person. In the altercation leading to Joseph's death, the record established

that Dozier received significant bruises. In addition to Dozier's testimony about the injuries Joseph inflicted on her, Dozier explained that she was afraid of Joseph because he told her that his tattoo meant that he had killed someone. Thus, assuming that Dr. Brown would have given a similar explanation about the meaning of Joseph's tattoo, Dr. Brown's testimony would have been cumulative of Dozier's testimony about the meaning of Joseph's tattoo. *See Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g) (explaining that the erroneous exclusion of evidence similar to other evidence that was offered "may, under some circumstances, mitigate against the harm [the defendant] would have otherwise suffered").

Additionally, a witness who employed Dozier and Joseph to work on her home testified that she saw Joseph lose his temper with Dozier nearly every day while they worked together building a sunroom. This witness also testified Joseph told her that he had a hard time controlling his anger. Another witness, who employed Joseph for about three years, testified that Joseph had a reputation for being a violent person. Thus, assuming that Dr. Brown would have testified that the tattoo meant that Joseph had a violent past, that testimony would have been cumulative of other evidence that established Joseph's reputation for violence. *See id.*

On the other hand, there is substantial evidence that Dozier was guilty. Dozier, who testified, did not dispute the fact that she shot Joseph. Dr. Brown testified that Joseph suffered five gunshot wounds, two of which entered from his back. According to Dr. Brown, Joseph received one of the wounds to his back when he was bent over.

Having considered the entire record, we hold that excluding the question to Dr. Brown about the tattoo did not seriously undermine the jury's ability to properly and fairly evaluate Dozier's claim of self-defense. Additional testimony about the meaning of the tattoo would have added nothing material to the existing proof that Joseph had a violent character and that Dozier feared him. Because the error, if any, in excluding the testimony did not affect Dozier's substantial rights, we overrule issue six. *See* Tex. R. App. P. 44.2(b).

Having overruled all of Dozier's issues, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 6, 2012
Opinion Delivered February 13, 2013
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

10