In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00244-CR
_____

**RODARRION D. ARMSTRONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 12170JD**
_____

**MEMORANDUM OPINION**

A jury found Rodarrion D. Armstrong (Armstrong or Appellant) guilty of murder. In one appellate issue, Armstrong appeals the trial court's denial of Armstrong's motion for new trial. We affirm.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). We will not substitute our judgment for that of the trial court; rather, we must

1

decide whether the trial court's decision to deny the motion was arbitrary or unreasonable. *Id.* "A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id*. We view the evidence in the light most favorable to the trial court's ruling, deferring to its credibility determinations and presuming all reasonable factual findings that could have been made in support of its ruling. *See Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014); *Quinn v. State*, 958 S.W.2d 395, 401-02 (Tex. Crim. App. 1997).

In his sole appellate issue, Armstrong argues that the trial court erred in denying Armstrong's motion for new trial in which he argued he was prejudiced by the trial court's improper comment. The comment singled out and complained of by Armstrong on appeal occurred during the guilt/innocence phase of the trial after the State had rested:

[Prosecutor]:     State rests.

(State rests)

THE COURT:     Okay. [Defense counsel], the State has rested.

[Defense counsel]: Defense rests.

(Defense rests)

THE COURT:     Okay. Both the Defense and the State have rested; is that correct?

[Prosecutor]: That's correct, Your Honor.

THE COURT: [Defense counsel]?

[Defense counsel]: (Conferring with Defendant)

THE COURT: Well, I'm going to give you a moment to confer with your client and then you can tell me if y'all both -- if you rest.

[Defense counsel]: We rest.

(Defense rests)

Armstrong did not object at trial to the court's comment. The jury found Armstrong guilty and assessed punishment at twenty-five years in prison. Armstrong filed his motion for new trial, and he argued, among other things, that "the trial court erroneously challenged defense counsel's decision [to] rest and not call any witnesses on behalf of the defendant in the guilt/innocence phase of the trial in the presence of the jury." The trial court denied Armstrong's motion for new trial. Armstrong requested that the trial court file findings of fact and conclusions of law. Armstrong appealed. The trial court subsequently filed findings of fact and conclusions of law, and included the following finding:

> After the State announced that it had rested in the guilt/innocence phase of trial, the Court asked defense counsel if he would be calling any witnesses. At that time, defense counsel was conferring with the Defendant, so after their conversation concluded, the Court inquired again, at which time defense counsel announced that the Defendant rested. By repeating herself, it was not the Court's intention to "challenge defense counsel's decision," but to give the

3

Defendant adequate time to consult with his attorney and then clarify whether or not the defense would be calling witnesses. The Court made no comments that could be reasonably deemed to call defense counsel's decision-making into question.

On appeal, Armstrong complains that the trial court's comment "challeng[ing] defense counsel's decision to rest[]" was improper because it "diminished the credibility of the defense's approach to its case to the jury." Armstrong alleges the trial court's comment violated 38.05 of the Texas Code of Criminal Procedure and deprived him of a fair and impartial trial. According to Armstrong, he was "probably" prejudiced by the comment because "[t]he jury could have very easily implied that counsel had not even discussed with his client whether to call any witnesses for the defense before trial, that counsel had not been prepared to come to trial, that counsel had not communicated with his client before trial, that the [c]ourt was suggesting that counsel should be calling witnesses for the defense, explaining why the defense did not have any witnesses, or that a burden of proof was on the defense."

Under article 38.05 of the Texas Code of Criminal Procedure, a judge shall not discuss the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979). Specifically,

> [i]n ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall

4

> he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

*Id.* The record demonstrates that Armstrong failed to object to the complained-of comment. Generally, to preserve error, a defendant must make a timely and specific objection. *See* Tex. R. App. P. 33.1(a); *Moore v. State*, 275 S.W.3d 633, 636 (Tex. App.—Beaumont 2009, no pet.) (noting that the contemporaneous objection requirement encompasses a complaint about a trial court's remarks that amount to a comment on the evidence); *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (noting that absent an objection to the trial court's comments, a defendant waives error unless the error is fundamental).

When complaints of error are not preserved by objection or other means of preserving error, the error is considered to have been waived unless it is fundamental, meaning that the error creates egregious harm. *See Villareal v. State*, 116 S.W.3d 74, 85 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Egregious harm is such harm that a defendant is deprived of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171; *see also Jasper v. State*, 61 S.W.3d 413, 420-21 (Tex. Crim. App. 2001) (concluding that in the absence of an objection to the trial court's comment,

complaint about the comment at issue was waived and did not constitute fundamental harm). A trial court's comments do not constitute fundamental error unless they rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper*, 61 S.W.3d at 421. The *Jasper* Court recognized that several types of comments do not rise to the level of fundamental error, including those the trial court makes to correct counsel's misstatement or misrepresentation of previously admitted testimony, to maintain control or expedite the trial, to clear up a point of confusion, or to reveal irritation at counsel. *Id.*

Because Armstrong did not lodge a timely objection, except as to fundamental error, his complaint was waived. *See* Tex. R. App. P. 33.1(a); *Moore*, 275 S.W.3d at 636. Additionally, upon review of the record for fundamental error, we conclude the comment and ruling at issue did not affect Armstrong's substantial rights. Specifically, the complained-of comment by the trial court sought clarification of whether or not the defense wanted to call witnesses. *Jasper*, 61 S.W.3d at 421 (finding no fundamental error where trial court's comments were made to clear up a point of confusion). Armstrong has not demonstrated that the trial court's comment constituted fundamental error or that he was deprived of a fair trial. Appellant's issue is overruled. The trial court's judgment is affirmed.

AFFIRMED.

                            _____

                                LEANNE JOHNSON
                                    Justice

Submitted on October 11, 2016
Opinion Delivered October 19, 2016
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.